Korona, Appellant, v. Bensalem Township.

Argued April 25, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Charles S. Schermer,* for appellants.

*Robert K. Baker, Lawrence A. Monroe* and *Barrett & Monroe,* for appellees, were not heard.

OPINION BY MR. JUSTICE JONES, May 21, 1956:

This appeal by the plaintiffs is from a certification of their suit in equity to the law side of the court. Subsequently, the court entered judgment for the two individual defendants because of the plaintiffs' failure to file an amended complaint within the time the court had allotted therefor by further order.

An order certifying an equity suit to the law side of the court does not raise a question of jurisdiction appealable under the Act of March 5, 1925, P. L. 23, 12 PS §672 et seq., Section 4 thereof (12 PS §675) expressly excluding such an order from the purview of that Act; and Section 2 of the Act of June 7, 1907,

P. L. 440, 12 PS §1228, under which such an order was appealable, has been suspended by Rule 1550 (10) of the Pennsylvania Rules of Civil Procedure. It is clear, therefore, that the only thing appealable was the final judgment entered in favor of the two individual defendants as above stated. And, the appellants offer no meritorious excuse for their dereliction in such regard except the expressed uncertainty and evident confusion of their counsel as to the type of amended pleading the court had in mind when it made its order allowing for amendment, and counsel's continued insistence that the controversy be proceeded with in equity.

However, in order that the plaintiffs may not be summarily precluded from any cause of action they might possibly have with respect to the matters complained of in their complaint, we are disposed to vacate the default judgment and proceed to a disposition of the questions raised by the appellants with respect to the action of the court below in sustaining various preliminary objections to their complaint in equity and in ordering them to file an appropriately amended pleading on the law side of the court within the time specified therefor.

In a prolix and multifarious bill in equity, the plaintiffs, for themselves and in the nature of a class bill for the benefit of others similarly situated, complained that, in the laying out by the individual defendants of an unrecorded plan of lots, known as Spring Garden View, in the defendant township, they had illegally opened, constructed and dedicated certain streets, roads and drainage facilities with respect to their lot plan in violation of specified Acts of Assembly and various ordinances, plans and specifications of the township. The bill further alleged that the individual defendants sold lots in the plan to the

plaintiffs under false and fraudulent representations as to the true legal status of the streets, roads and drainage facilities and that the plaintiffs were seriously damaged thereby. In an attempt to tie in the township with the alleged false and fraudulent representations of the individual defendants the complaint alleged that one of the township supervisors performed work under contract with the individual defendants in the construction of the streets and roads in question. The complainants prayed for injunctive relief compelling the township and the individual defendants to comply with the legal requirements for the establishment and maintenance of said streets, roads and drainage facilities and enjoining an allegedly extant unlawful condition with respect to the drainage facilities of the designated streets and roads and, further, that the condition be declared a nuisance. Other relief was prayed for which it is unnecessary now to detail.

The township and the individual defendants separately filed extensive preliminary objections. Some of the objections, the court below sustained and others it overruled in a lengthy opinion which ended with the conclusion that the plaintiffs had a full, adequate and complete remedy at law, wherefore the court certified the case to the law side of the court. In so doing, the court below acted properly.

The gist of the plaintiffs' grievance is the alleged fraud and deceit of the individual defendants for which the appropriate remedy is an action of trespass for damages for the tort.

The conduct of the township supervisor, while acting in his private capacity in the performance of his contract with the individual defendants in the construction of streets and roads in the lot plan, conferred no equity on the plaintiffs as against the town-

ship. In fact, it is not possible to see wherein the plaintiffs plead any cause of action against the township,—certainly not a joint liability with the individual defendants. The court below was obviously correct in holding that there was a misjoinder of parties defendant.

Beyond that, the rights of the various plaintiffs as the several grantees of lots by deeds from the individual defendants are not such common interests as are necessary to justify a class action.

It is manifest that the plaintiffs' complaint needs extensive amendment, especially by way of deletions and severance of parties plaintiff not having joint claims triable in the one action. Until that is done, the complaint will continue to be incompetent to support any action at law in behalf of any of the separate lot owners against the individual defendants. There is nothing averred for which the township could be held responsible and it should, therefore, be entirely eliminated from the litigation.

The default judgment in favor of the defendants Sulewski is hereby vacated and the record is remanded with a procedendo to the end that the case may be proceeded with on the law side of the court after necessary and proper amendment of the complaint; appellants for costs.