## Adler *v.* Philadelphia, Appellant.

Argued November 10, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Levy Anderson*, First Deputy City Solicitor, with him *Yale B. Bernstein* and *David L. German, Jr.*, Assistant City Solicitors, and *David Berger*, City Solicitor, for appellants.

*Herbert M. Linsenberg*, with him *Meltzer & Schiffrin*, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, December 31, 1959:

This appeal by the City of Philadelphia under the Act of March 5, 1925, P. L. 23, Section 1, 12 PS §672, ostensibly questions the lower court's jurisdiction of the subject-matter. It seems clear, however, that the appellant misconceives the intended scope of the cited statutory provision. The Act of 1925 permits an appeal from an otherwise unappealable interlocutory order for the review of the lower court's questioned jurisdiction of either the defendant or the subject-matter or both, as the case may be. The facts necessary to an understanding of the question presently raised by the appellant are as follows:

Two of the plaintiffs, Louis H. Adler and wife, are the owners of certain property on North 15th Street, Philadelphia. The remaining plaintiff, Adler The Clothier, Inc., is a tenant of the Adler property and is engaged in the business of selling, tailoring and cleaning men's clothing. To the rear of the Adler building is Appletree Street, which runs from North 16th Street at a right angle eastward toward North 15th Street. It does not extend as far as North 15th Street but ends at the Adler building.

On September 26, 1958, the Mayor of Philadelphia approved an Ordinance of City Council authorizing the vacation of a portion of Appletree Street at the rear of the Adler building. The ordinance also directed the Board of Surveyors of the Department of Streets to strike so much of Appletree Street from the City Plan, the Board of Surveyors being empowered by City Council, acting under statutory authority,* to confirm or reject all original or revisions of street plans of the City when such plans or revisions have been authorized by ordinance of City Council. The properties abutting that part of Appletree Street to be vacated are owned by the American Stores Company. Following enactment of the Ordinance of September 26, 1958, the Board of Surveyors held a public hearing in respect of the vacation of a portion of Appletree Street but had taken no further action in the premises when this suit was instituted. The plaintiffs have joined the Board of Surveyors with the City of Philadelphia in the instant suit as a party defendant.

The plaintiffs allege in their complaint that the bill, which became the Ordinance of September 26, 1958, was introduced in City Council at the request of the American Stores Company and that agents of

---

* Act of June 6, 1871, P. L. 1353, §1, as amended by the Act of May 3, 1945, P. L. 404, §1, 53 PS §16395.

that company have stated their intention to cause the Board of Surveyors to vacate the indicated portion of Appletree Street in order to enable the American Stores Company to erect a fence at the end of Appletree Street where the portion to be vacated begins so as to block off access from the street to the American Stores Company's parking lot. The fence would also block off access from the street to the rear of the building tenanted by Adler The Clothier, Inc.

The complaint further alleges that, if the Board of Surveyors confirms the vacation of the indicated portion of Appletree Street, the plaintiffs will be immediately and irreparably injured because the rear door of the building occupied by Adler The Clothier, Inc., which now opens on to Appletree Street, provides the only means of loading and unloading merchandise and equipment that must go in and out of the building, and that, if American Stores Company erects a fence across Appletree Street, the plaintiffs' right of access will be destroyed. Furthermore, the rear door of the Adler property must be maintained as an exit from the building as a condition of a dry cleaning permit granted by the City's Department of Licenses and Inspection. Should the American Stores Company be permitted to block off this exit, Adler The Clothier, Inc. will be unable to operate its dry cleaning plant in the Adler building.

In conclusion, the plaintiffs aver that they are without adequate remedy at law and that no valid public purpose will be served by the contemplated vacation of the indicated portion of Appletree Street. Accordingly, the plaintiffs pray that the Board of Surveyors be enjoined from confirming the revision of the street plan showing a vacation of a part of Appletree Street, as authorized by the Ordinance of September 26, 1958.

The defendant filed preliminary objections to the complaint, setting forth that the plaintiffs have a full, complete and adequate remedy at law, that the City of Philadelphia has the legal right and authority to strike Appletree Street or any public highway from the city plan; that the court has no right to inquire into a municipality's purpose in doing what it has a legal right to do; and that the complaint in equity is premature in that the City, acting by the Board of Surveyors, has taken no final action in regard to the vacation of the portion of Appletree Street at the indicated location.

The court dismissed the preliminary objections and the city took this appeal under the Act of 1925, as already stated, in order to test the lower court's jurisdiction of the subject-matter.

What the plaintiffs in effect charge is the commission by the defendant municipality's administrative officers of acts contrary to law. Against such a grievance, equity has jurisdiction to relieve. "Equity will intervene to restrain acts of municipal authorities which are contrary to positive law or amount to bad faith or constitute a violation of public duty": *Downing v. School District of Erie*, 360 Pa. 29, 33, 61 A. 2d 133. "The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case": *Main Cleaners and Dyers, Inc. v. Columbia Super Cleaners, Inc.*, 332 Pa. 71, 73, 74, 2 A. 2d 750. We have heretofore recognized that the Act of 1925 "was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings, however certain their ultimate determination may appear to be": *Lackawanna County v. James*, 296 Pa. 225, 227, 145 A. 817.

In *Zerbe Township School District v. Thomas*, 353 Pa. 162, 165, 44 A. 2d 566, Mr. Justice (later Chief

Justice) STERN, speaking for this court, said with respect to what constitutes a jurisdictional question reviewable under the Act of 1925: "Appellants misconceive the scope and purpose of the Act of 1925. Even if a plaintiff have no standing to bring his action, even if his statement of claim or bill in equity be demurrable, even if he fail to establish the allegations in his complaint, even if the court ultimately conclude that the relief he seeks should not be granted in whole or in part, not any or all of these circumstances would enter into, much less determine, the question whether the court has jurisdiction of the litigation."

It may well be in the instant case that the plaintiffs will fail, upon a hearing on the merits, to support their claim with either fact or law, but that is wholly immaterial to equity's jurisdiction to entertain the plaintiffs' bill. The Act of 1925 affords the defendant no basis for an appeal; its preliminary objections, which the court below overruled, did not in fact raise a jurisdictional question. So certain does the defendant appear to be that the plaintiffs will be unable to prevail ultimately, that it urges a decision forthwith on the merits under the guise of an appeal on a jurisdictional question. But, that is not permissible under the statute.

The order dismissing the defendant's preliminary objections is affirmed at the appellant's costs with leave to the defendant to answer over within twenty days after the record has been remanded to the court below.