## Studio Theaters, Inc. *v.* Washington, Appellant.

Argued September 29, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jerome Hahn,* City Solicitor, for appellant.

*Robert L. Ceisler,* for appellee.

OPINION BY MR. JUSTICE JONES, March 16, 1965:

City of Washington, Pennsylvania, a third class city, on January 27, 1964, adopted an ordinance which imposed a tax "upon the privilege of attending or engaging in amusements including every form of enter-

tainment, diversion, sport, recreation and pasttime."[1]
On March 9, 1964, the city amended this ordinance to
define the word "amusement" in such manner as to
exempt certain forms of entertainment from its im-
pact: "Provided further: that 'amusement' shall not
include any form of entertainment, the proceeds of
which, after payment of reasonable expenses, inure ex-
clusively to the benefit of religious, educational, or
charitable institutions, societies, or organizations; vet-
eran's organizations; or police or fireman's organiza-
tions. Also, the within tax shall not be levied against
membership in or membership dues, fees or assess-
ments of charitable, religious, beneficial or nonprofit
organizations such as sportsmen's recreational, golf
and tennis clubs, girl and boy scout troops and coun-
cils."

Studio Theaters, Inc. (Theaters), the operator of
the Penn Theatre in Washington, Pa., instituted an ac-
tion in equity in the Court of Common Pleas of Wash-
ington County against the city, the members of the
city council and other city officials seeking (a) injunc-
tive relief from the enforcement of the ordinance and
the collection of taxes thereunder, or, in the alterna-
tive, (b) a direction that the city and its officials, en-
force and collect the tax from all producers of amuse-
ments as defined in the original ordinance. The grava-
men of this action is that the amended ordinance pro-
vides for exemptions which affront the Constitution in
that they lack uniformity and are unreasonable, arbi-

---

[1] This ordinance, purporting to have been passed under the
authority of the so-called "Tax Anything Act" (Act of June 25,
1947, P. L. 1145, §1 et seq., as amended, 53 P.S. §§6851-6859) and
The Third Class City Code (Act of June 23, 1931, P. L. 932, §1 et
seq., as amended, 53 P.S. §§35101-39932), provided the manner of
licensing, the imposition of duties and powers on the city treasurer
in connection with the collection of the tax and the imposition of
penalties for violation of the ordinance.

trary and discriminatory in the classifications provided.

The city and its officials filed preliminary objections, divided into four separate parts, which, regardless of their nomenclature, raised several questions: (1) that equity lacked *jurisdiction* because (a) Theaters had an adequate statutory remedy under the "Tax Anything Act" and The Third Class City Code, supra, to attack the validity of the exemptions in the ordinance, and (b) that Theaters lacked the capacity to sue because of its failure to comply with the "Fictitious Corporate Name Act";[2] (2) that the City has power to levy this tax and, that being so, equity has no jurisdiction to pass on the validity of these tax exemptions; (3) that Theaters failed in its complaint to state a cause of action. The Court of Common Pleas of Washington County held that an action in equity did lie and dismissed the preliminary objections. The City, under the provisions of the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, has appealed from the order of the court below.

Preliminarily, we must pass upon a motion to quash this appeal filed by Theaters upon the ground that the Act of 1925, supra, is not available to the City in that there is no *true question of jurisdiction* involved on this appeal.

Despite numerous decisions of our courts, there is still, apparently, confusion as to the availability of the Act of 1925, supra, as the vehicle for an appeal which otherwise, by reason of the interlocutory nature of the order, would be unavailable at this stage of the proceeding. Under the Act of 1925, supra, the sole question appealable is whether or not the court below had *jurisdiction* either over the person of the defendant or the subject matter of the action. In the case at bar,

---

[2] Act of July 11, 1957, P. L. 783, §1 et seq., 54 P.S. §81-104.

the City attacks what it deems to be the *jurisdiction* of the court of equity over the subject matter of this action. The test of jurisdiction is whether the court has *power* to enter upon the inquiry: *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A. 2d 566; *Adler v. Philadelphia,* 397 Pa. 660, 664, 156 A. 2d 852; *University Square No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 180 A. 2d 427; *Seligsohn Appeal,* 410 Pa. 270, 189 A. 2d 746.

In *Witney v. Lebanon City,* 369 Pa. 308, 311, 312, 85 A. 2d 106, this Court said: "In Zerbe Township School District v. Thomas, 353 Pa. 162, 44 A. 2d 566, we stated principles which are here applicable, namely that even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of *the general class* to which the case presented for its consideration belonged,— whether the court had power to *enter upon the inquiry,* not whether it might ultimately decide that it was unable to grant the relief sought *in the particular case;* that the Act of 1925 was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings and that it was not concerned with matters going to the right of the plaintiff to *recover* on his cause of action but only with his right to have his cause of action *heard and determined.* In support of those principles many decisions of our appellate courts were cited, and a host of later authorities has since been added to the long list there set forth." On this motion to quash our inquiry is wheth-

er this appeal presents *any* question involving *jurisdiction,* in its true sense, cognizable under the 1925 statute. If none of the questions raised on this appeal involve a question of jurisdiction, the appeal must be quashed; if the appeal does raise any question of jurisdiction, then the appeal should not be quashed but our determination on the appeal is limited to a consideration only of the question involving jurisdiction: *Seligsohn Appeal,* supra.

First, the City contends that the court below, sitting in equity, had no jurisdiction because Theaters had available under the "Tax Anything Act", supra, and The Third Class City Code, supra, an adequate remedy at law. Even if a court of equity dismisses an objection to the court having "jurisdiction[3] of the subject matter" because there is a complete and adequate remedy at law, such an order is not appealable under the 1925 statute: *White v. Young,* 402 Pa. 61, 166 A. 2d 663. The availability in the case at bar of an adequate remedy at law, not involving a question of jurisdiction, is not before us on this appeal.

Next the City contends that the court below lacked jurisdiction because Theaters has neither stated a justiciable cause of action in its complaint nor, by reason of noncompliance by Theaters with the "Fictitious Corporate Name Act", supra, has Theaters the capacity to sue. Neither the failure to state a cause of action nor the lack of capacity to sue (*Witney v. Lebanon City,* supra, p. 311) involve a question of the competency of the court below to determine controversies of the general class to which the case presented for its consideration belong. Under the 1925 statute the contentions of the City in these respects are not before us for consideration.

---

[3] The word "jurisdiction" is used in a loose sense as so frequently occurs.

Lastly, the City contends that the court below lacked jurisdiction because what Theaters attacks in this action is not the power of the City to tax but the propriety of the exemptions granted from the impact of the tax. This contention does involve a question of jurisdiction in the true sense, requiring that the motion to quash be denied and that we limit our inquiry on this appeal to this last contention of the City.

The City misinterprets the attack made upon the amended ordinance by Theaters. An examination of the complaint in equity reveals the real thrust of the attack upon this amended ordinance, i.e., a challenge to the constitutional validity of the exemptions from tax provided in that ordinance. The teaching of our case law is that, where the controversy involves a challenge to the constitutional validity of a taxing statute or ordinance, such a controversy falls within the general class of cases wherein equity does have jurisdiction and competency to act: *Bell Telephone Company of Pennsylvania v. Driscoll*, 343 Pa. 109, 21 A. 2d 912; *Y.M.C.A. v. Reading*, 402 Pa. 592, 598, 167 A. 2d 469; *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 190 A. 2d 111. Whether a court of equity, having such jurisdiction to act, should act in view of the presence of an adequate remedy at law or for some other valid reason is another matter altogether.[4]

In the posture in which the case at bar is presented and in view of the real challenge being that to the constitutionality of the taxing ordinance, the court below did have jurisdiction and the court below properly so decided.

Order affirmed. Costs on City.

---

[4] By the same token, if there is a statutory remedy which is appropriate and adequate, a party *may* pursue this statutory remedy even though a court of equity may also have jurisdiction of the subject matter: *Blue Cross Appeal*, 416 Pa. 574, 209 A. 2d 799 (decided this date).

DISSENTING OPINION BY MR. JUSTICE COHEN:

I dissent.

In my opinion, a preliminary objection which challenges the jurisdiction of a court of equity on the ground that plaintiff has an exclusive statutory remedy raises, in the majority's own words, a "true question of jurisdiction." While I do not take issue with the majority's definition of a jurisdictional question—as one involving the *"power* to enter upon the inquiry"—or "the competency of the court to determine controversies of *the general class"*—I cannot agree that this is not such a question. Under the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 P. S. §156, it has long been held in various contexts that where a remedy or method of procedure is provided by a legislative act, these procedures shall be followed exclusively without interference by courts of equity. *Y.M.C.A. v. Reading,* 402 Pa. 592, 167 A. 2d 469 (1961) ; *Knup v. Philadelphia,* 386 Pa. 350, 126 A. 2d 399 (1956). In my opinion, this Act and the cases decided under it hold that when the legislature provides a complete statutory scheme for the regulation of a particular subject matter the *power* of regulation is thereby *confined* to the organs designated in the statute and is not to be shared with equity, unless it is specifically provided otherwise.

Superimposed upon this rule is the exception set out in *Philadelphia Life Insurance Company v. Commonwealth,* 410 Pa. 571, 190 A. 2d 111 (1963), to the effect that equity does have jurisdiction in the rare circumstances where pursuit of the statutory directions would not be adequate or would cause irreparable harm to plaintiff. (While I agree with the principle of this exception I disagree with its application in *Philadelphia Life).*

The source of the majority's error is the failure to distinguish between a preliminary objection based upon

the historical ground of "adequate remedy at law" and a preliminary objection based upon "exclusive statutory procedure." While it is true that there may be an "adequate remedy at law" where there is an "exclusive statutory procedure" these assertions are not one and the same thing. (That there is a distinction is supported by Rule 1509 of Pennsylvania Rules of Civil Procedure which separately designates them). The former merely asserts that, in this particular case, equity should not grant relief, just as it should not grant relief when there is "laches" or "unclean hands". It does not assert that equity had no power of inquiry into the type of question involved. The latter, however, asserts that the legislature has deprived equity of the power of inquiry.

The failure to so distinguish also gives rise to the majority's second error, to wit, that a dismissal of preliminary objections based upon "exclusive statutory procedures" is not an appealable order under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. The majority supports this proposition with *White v. Young,* 402 Pa. 61, 166 A. 2d 663 (1960), which was based upon *Korona v. Bensalem Township,* 385 Pa. 283, 122 A. 2d 688 (1956). But these cases involved dismissal of objections based upon "adequate remedy at law" which (until 1937) were provided for by the Act of June 7, 1907, P. L. 440, 12 P.S. §1227, and were expressly excluded from the operation of the Act of 1925, supra, by §4 thereof. Objections based upon "exclusive statutory procedures," on the other hand, are not excluded from the operation of the Act of 1925 and since the objection raises a "true question of jurisdiction" its disposition is appealable under the Act of 1925.

It remains to determine whether defendants' preliminary objections based upon "exclusive statutory procedures" should be sustained in the case at bar. There is a complete statutory scheme for the regula-

tion of the subject matter. The statute, under which the taxing ordinance was passed, specifically provides, inter alia, for a method of appealing from the enactment of the ordinance to the courts of quarter sessions within thirty days of the adoption of the ordinance. Act of June 25, 1947, P. L. 1145, §3, as amended, 53 P.S. §6853. Moreover, the ordinance itself, in §9 thereof, charges the treasurer with the administration and enforcement of the ordinance and provides that any person aggrieved by any decision of the treasurer shall have the right of appeal to the court of common pleas as in other cases provided.

In my opinion, the disposition of the questions—whether constitutional or otherwise—arising under the amusement tax ordinance should be heard in the context of the procedures set forth in the statute and/or the ordinance and that equity has no power over the subject matter. Moreover, in this case, no exception is applicable, as in *Philadelphia Life,* because the procedures provided are adequate to the task and plaintiff would suffer no irreparable harm by pursuing them.

Therefore, I would sustain the preliminary objections to equity's jurisdiction in this case.