394 A.2d 577

Nancy B. KRAMER

v.

Harvey KRAMER and Barbara Kramer.

Appeal of Harvey KRAMER.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Nov. 22, 1978.

Jerome M. Dubyn, Philadelphia, for appellant.

Jonathan H. DeYoung, King of Prussia, for appellee, Nancy B. Kramer.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant and appellee, former husband and wife, entered into a support agreement on or about July 1, 1975. Under the terms of the agreement, appellee conveyed her one-half interest in the former marital domicile located in Montgomery County to appellant, in return for his promise to make the agreed upon payments under the support contract. The agreement further provided that if appellant defaulted in making the payments, he would execute a judgment note in the amount of $70,033.33, with interest, to be held in escrow as security for the future payments owing under the agreement.

Appellant made the required monthly payments until March 1, 1976, but has failed to make any payments since that date. On September 23, 1976, appellee filed an equity action in the Court of Common Pleas of Montgomery County requesting, *inter alia*, that appellant be ordered to reconvey to appellee her former interest in the marital domicile and that the court order a partition of the real estate, or in the alternative, that appellant be ordered to execute a note in the amount of $58,333.33, representing the $70,033.33 specified in the agreement reduced by the sums already paid by appellant. Barbara Kramer, appellant's present wife, was included as a defendant in the original complaint. On May 5, 1977, appellant filed preliminary objections demurring to the complaint and requesting that it be dismissed, pleading, *inter alia*, the pendency of a prior action and alleging that appellee had a full, complete and adequate non-statutory remedy at law. The former objection was based upon an action that had previously been filed by appellee in the Family Division of the Court of Common Pleas of Philadelphia County, in which appellee sought an order regarding support and child custody. This earlier action had been filed prior to the signing of the support agreement on July 1,

1975. Barbara Kramer also demurred to the action, alleging that she had not been a party to the original support agreement and could not be bound thereby.

On April 6, 1977, the lower court sustained the demurrer of Barbara Kramer, ruling that she could not be bound by the support agreement; the action as to her has apparently been terminated and is not before this court on appeal. The judge denied appellant's preliminary objections and ruled as follows: (1) that the prior action in Philadelphia County was not the same as that in Montgomery County and thus did not preclude the latter action; and (2) that appellee does not have a full remedy at law in the form of a judgment for $58,333.33, since the complaint prayed for an alternate remedy of partition of the marital domicile, a remedy that lies exclusively within the venue of the equity division of the Court of Common Pleas of Montgomery County under Pa.R. C.P. No. 1552.

From that order, appellant brings this appeal alleging that the lower court erred in the following respects: (1) appellant's demurrer should have been granted; (2) the action should have been transferred to the law side of the court since the relief sought by appellee in the form of a judgment for $58,333.33 is a full, complete and adequate non-statutory remedy at law; and (3) the complaint should have been dismissed since there was a prior pending action in the Family Division of the Court of Common Pleas of Philadelphia County relating to an analogous claim. We find appellant's contentions to be without merit and affirm the order of the lower court.

First, under the Appellate Court Jurisdiction Act of 1970,[1] this court only has jurisdiction over "final orders" of the courts of common pleas.[2] Finality of an order exists when the practical effect is to put the defendant out of court, *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225,

1. Act of July 31, 1970, P.L. 673, No. 223, art. I, §§ 101 *et seq.*, 17 P.S. §§ 211.101 *et seq.* (Supp.1978).

2. *Id.* at art. III, § 302, 17 P.S. § 211.302.

348 A.2d 734 (1975), or otherwise terminate the litigation by prohibiting either party from proceeding with the action. *Marino Estate,* 440 Pa. 492, 269 A.2d 645 (1970). Employing this test, the denial of a preliminary objection in the nature of a demurrer has been held not to be a final order and therefore not appealable. *Colvin v. Somat Corp.,* 230 Pa.Super. 118, 326 A.2d 590 (1974). This results since the denial of the demurrer has the effect of permitting the case to proceed to trial, where the allegations stated as the basis for the demurrer may subsequently be adjudicated. Accordingly, under appellant's first theory, the order is not appealable to this court.

Appellant's second contention arises under Pa.R. C.P. No. 1509(c), which permits the raising by preliminary objection of the defense to an equity action "of the existence of a full, complete and adequate non-statutory remedy at law . . . ." As in the case of a demurrer, the denial of this objection does not have the effect of terminating the litigation and is not a final order. Appellant alleges, however, that an alternative basis for appeal exists under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (1953). Under this Act, an order of the lower court relating to motions contesting "jurisdiction over the defendant or of the cause of action . . . may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." Appellant contends that his objection alleging the existence of an adequate, non-statutory legal remedy raises the issue of the equity jurisdiction of the lower court. We find this contention to be without merit.

"The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case." *Main Cleaners & Dyers Inc. v. Columbia Super Cleaners,* 332 Pa. 71, 74, 2 A.2d 750, 751 (1938). Applying this definition, the rule in this Commonwealth is that a motion of this type does not raise a question of jurisdiction and, therefore, is not appealable. *Studio Theatres Inc. v. Washington,* 418 Pa. 73, 209 A.2d 802 (1965);

*White v. Young*, 402 Pa. 61, 166 A.2d 663 (1960); *Korona v. Bensalem Twp.*, 385 Pa. 283, 122 A.2d 688 (1956). This results, because the defense of the existence of an adequate remedy at law does not question the power of the equity courts to inquire into the merits of the case, but rather, relates to the form of the action as one not requiring the special remedies available in the equity court, and thus better suited to be brought in the law side of the court. *See Studio Theatres, Inc. v. Washington, supra*, 418 Pa. at 78, 209 A.2d at 805; *Korona v. Bensalem Twp., supra*, 385 Pa. at 284–85, 122 A.2d at 688; Act of March 5, 1925, *supra*, § 4, 12 P.S. § 675; 5 Goodrich-Amram 2d, § 1509(c):1 at 123 (1977). Accordingly, under appellant's second theory, the lower court order denying the preliminary objection is not appealable to this court since it is not a final order and is not an order relating to jurisdiction.

Appellant's final contention is that the lower court should have refused to entertain the present action in Montgomery County, since a prior suit had been filed in Philadelphia County relating to an analogous claim. To bring an appeal based upon this contention, the lower court order must either involve a final order, or raise a question of jurisdiction or venue under the Act of 1925, *supra*. From the mere statement of the issue, it is apparent that an order denying the defense of a prior pending action is not a final order, since the order neither terminates the litigation nor puts either of the litigants out of court. *See Reynolds Metals Co. v. Berger*, 423 Pa. 360, 223 A.2d 855 (1966); *Keasbey's Trust Estate*, 342 Pa. 439, 20 A.2d 281 (1941). *But cf. Philco Corp. v. Sunstein*, 429 Pa. 606, 241 A.2d 108 (1968) (denial of motion is final order when the prior case has been pending for eight years with the practical effect that the value of the item under litigation has been substantially reduced). The defense does, however, raise the issue of venue in the present case, *see Reynolds Metals Co. v. Berger, supra* (dictum), which for purposes of the Act of 1925, *supra*, is deemed the equivalent of raising an issue of jurisdiction. *See Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 181 n. 1, 231 A.2d 753, 755 n. 1 (1967).

■■■■■ " 'Venue' is the right of a party sued to have the action brought and heard in a particular judicial district". *Potteiger v. Fidelity-Philadelphia Trust Co.*, 424 Pa. 418, 421 n. 5, 227 A.2d 864, 868 n. 4 (1967); *Simpson v. Simpson*, 404 Pa. 247, 251, 172 A.2d 168, 171 (1961); *McGinley v. Scott*, 401 Pa. 310, 316, 164 A.2d 424, 428 (1960). In the instant case, appellant is contesting the propriety of the proceeding in Montgomery County and alleges that the issues should be resolved in the previously filed action in Philadelphia County—a contention that raises the issue of venue. Accordingly, the order dismissing appellant's preliminary objection is appealable to this court, *Helsel v. Rodgers*, 440 Pa. 516, 269 A.2d 917 (1970); *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 246 A.2d 384 (1968), where our review is limited to the issue of whether the lower court has jurisdiction and venue over the action, *see West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975); *Colvin v. Somat Corp., supra*, or whether the prior pending action serves to prevent the Montgomery County court from proceeding with the action.

■■■■■ In determining whether the prior action in Philadelphia County is a bar to the present proceeding in Montgomery County, the test is whether "the case is the same, the parties the same, and the rights asserted and the relief prayed for the same . . . ." *Hessenbruch v. Markle*, 194 Pa. 581, 593, 45 A. 669, 671 (1900); *see also Raw v. Lehnert*, 238 Pa.Super. 324, 357 A.2d 574 (1976); *Taylor v. Humble Oil and Refining Co.*, 225 Pa.Super. 177, 311 A.2d 324 (1973); *Commonwealth ex rel. Lindsley v. Robinson*, 30 Pa.Cmwlth. 96, 372 A.2d 1258 (1977). Generally, a pending equity action is deemed not to be the same as the corresponding legal action when the remedies being pursued are different, even if both actions arose out of the same factual situation. *See Raw v. Lehnert, supra* (recission and restitution versus monetary damages); *Koppenheffer v. Humble Oil & Refining Co.*, 40 D. & C. 2d 259 (C.P.Daugh.1966) (specific performance versus ejectment). In the present case, the remedies being pursued are not the same as those

in the prior action. Although appellee is seeking an award of support based upon the written agreement in both actions, in the equity action in Montgomery County she prays for an alternative remedy of reconveyance and partition of the former marital domicile, a remedy that is not being pursued in the Philadelphia action. Likewise, in the Philadelphia action, appellee is seeking an adjudication regarding child custody while that issue is not present in the Montgomery County proceeding. In fact, the only elements common to both actions are that the parties are the same and the outcome of each case may be governed, in part, by the written support agreement. These tenuous similarities are insufficient to satisfy the stringent case, party, rights and remedies test mandated in *Hessenbruch v. Markle, supra,* and its progeny. Thus, the actions not being the same, the Philadelphia County action is not a bar to this proceeding, and the lower court was correct in overruling appellant's plea of a prior pending action.

The order of the lower court is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.