In Re: Absentee Ballots of Evelyn S. Zimmerman and Myrtle M. Secrist. David L. Cook, Appellant.

576

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Stephen E. Patterson*, with him *Beck, Patterson and Kaminski*, for appellant.

*Denis M. DiLoreto*, with him *Black and Davison*, for appellee.

OPINION BY JUDGE WILKINSON, JR., April 10, 1979:

An exceedingly narrow issue is presented in this case, *i.e.*, does the question of eligibility to challenge an absentee ballot before the county board of elections (board) raise an issue of the jurisdiction of the board requiring affirmative proof or is it a matter of standing, requiring an objection to be put in issue? Neither the qualification of the challenger nor the jurisdiction of the board was put in issue at the hearing before the board on the validity of the absentee ballots. This issue was raised for the first time in the Petition for Review filed in the Court of Common Pleas. The Court of Common Pleas ruled, *inter alia*, that the board had general jurisdiction of the subject matter, the issue of the qualification of the challenger raising only a question of standing, and dismissed the appeal. We affirm.

The able opinion of Judge KELLER of the Court of Common Pleas setting forth the facts, the history of the case, and the disposition of the other issues, is reported in 1 Franklin County Legal Journal 205 (1977), making it unnecessary for them to be repeated here.

The decision in *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 209 A.2d 802 (1965) is dispositive of this case. There the matter in controversy was a challenge to the constitutionality of a taxing statute. Justice, later Chief Justice, BENJAMIN R. JONES, speaking for the Court, stated, "The test of jurisdiction is whether the court has *power* to enter upon the inquiry." *Id.* at 77, 209 A.2d at 804. There is no doubt that Section 1308(e) of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* added by Section 11 of the Act of March 6, 1951, P.L. 3, *as amended,* 25 P.S. §3146.8(e), places the power in the board to enter upon the inquiry when an absentee ballot is challenged. The challenger must be either an "attorney, watcher, or candidate." This, we agree, is a matter of standing. To raise this matter on appeal to the Court of Common Pleas, it must first be raised before the board. The facts of this case emphasize the necessity for this rule. It would appear that the challenger in this case was well known to the board and to the others present as a candidate for election to the position of judge of elections. If this was to be put in issue it would seem obvious that it must be raised. Having thus decided, we do not reach the question of whether the board or the Common Pleas Court could take "judicial notice" that he was a candidate in that election for the office of judge of elections of Warren Township. It is worth noting, however, that petitioner in his Petition for Review filed in the Common Pleas Court himself alleges that the challenger was Carl E. Carbaugh, judge of elections for Warren Township. He now wants proof, as

a jurisdictional matter without the issue being raised, that this is the same Carl E. Carbaugh who was a candidate that day for election to the position of judge of elections of Warren Township!

Accordingly, we will enter the following

ORDER

AND Now, April 10, 1979, the order of the Court of Common Pleas of Franklin County, dated February 24, 1978 dismissing the Petition for Review of the decision of the Franklin County Board of Elections, is affirmed.