## Volker *v.* Mallon, Appellant.

Submitted November 16, 1965. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Paul Leo McSorley,* and *McSorley, Purcell & McSorley,* for appellant.

*Marvin H. Levin,* for appellee.

Opinion Per Curiam, January 17, 1966:

Plaintiff-appellees instituted an action in equity by the issuance of a complaint which the sheriff was unable to serve upon the defendant-appellants. Thereafter, to the same number and term, the plaintiff-ap-

pellees filed an amended complaint which the sheriff was able to serve on the defendant-appellants.[1]

The defendant-appellants then filed preliminary objections to the amended complaint on the ground that such complaint violated Pa. R. C. P. 1033, in that consent to file such *amended* pleading had not been with the written consent of defendant-appellants or by leave of court.[2] The court below dismissed the preliminary objections and from the dismissal thereof this appeal was taken.

An examination of the record clearly shows that the real thrust of the preliminary objections was to the amendment of the complaint and that the court below permitted the amendment.

An appeal from the dismissal of preliminary objections under such circumstances does not lie unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree or judgment which finally determines the action. See: *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 317, 318, 95 A. 2d 776, 777.

The instant order merely has the effect of permitting the amendment to the complaint and in no manner finally determines the action. The order being an interlocutory order not made appealable by statute, an appeal therefrom will not lie.

Appeal quashed.[3]

---

[1] No question of the statute of limitations or laches is involved.

[2] In pertinent part, Rule 1033 provides: "A party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend his pleading."

[3] This ruling, of course, in no manner passes upon the propriety of the order of the court below nor do we pass upon the question of the failure to comply with Rule 1033 in the amendment of this complaint.