Brookhaven Borough *v.* American Rendering, Inc., Appellant.

Argued March 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robert James Jackson,* with him *Kassab, Cherry, Curran & Archbold,* for appellant.

*Peter J. Nolan,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 9, 1969:

In *Commonwealth v. Glen Alden Corporation,* 418 Pa. 57, 210 A. 2d 256 (1965), we required the statutory procedures of the Air Pollution Control Act of 1960, P. L. (1959) 2119, 35 P.S. §4001, to be strictly pursued and held that equity had no jurisdiction to inquire into a controversy where to do so would obviate a statutory procedure provided by the legislature for its resolution. The legislature then amended the Air Pollution Control Act of June 12, 1968, P. L.    , 35 P.S. §4012.1 by adding, after §12, a new section to read: "Section 12.1 Existing Rights and Remedies Preserved

"Nothing in this act shall be construed as impairing any right or remedy, now or hereafter existing in

equity, or under common or statutory law, to abate private or public nuisances. No court of this Commonwealth having jurisdiction to abate public or private nuisance shall be deprived of such jurisdiction to abate any private or public nuisance instituted by any person for the reason that such nuisance constitutes air pollution."

The addition to §12 to the Air Pollution Control Act was part of an extensive amendment strengthening the act which changed the membership and powers of the Commission, changed the powers and duties of the Department of Health and the required Air Pollution Control Association, set forth a new declaration of policy and re-defined air pollution.

It is apparent that the legislature by amending the act extended the same cumulative remedies that presently exist to abate the pollution of the waters of this Commonwealth as contained in the Clean Streams Act of 1937, June 22, P. L. 1987, Art. I, §1 et seq., 35 P.S. 691.1 et seq. to the Air Pollution Control Act. It is now clear that equity jurisdiction attaches to restrain a public or private nuisance caused by air pollution and that the lower court correctly dismissed the preliminary objections to equity jurisdiction.

Order affirmed.

—————

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

I would quash this appeal on the authority of *Studio Theaters, Inc. v. Washington*, 418 Pa. 73, 78, 209 A. 2d 802 (1965). In that case we held that the existence of a statutory remedy at law was not jurisdictional and thus the dismissal of preliminary objections raising the question was not appealable under the Act of 1925.

Mr. Chief Justice BELL and Mr. Justice ROBERTS join in this dissent.