# Philadelphia *v.* Franklin Smelting and Refining Co., Inc., Appellant.

Argued September 27, 1971. Before Jones, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Jeffrey A. Weiner,* with him *Leonard M. Sagot, John J. Poserina, Jr., Arthur Silverman* and *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,* for appellant.

*S. Jay Sklar,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor and *Levy Anderson,* City Solicitor, for City of Philadelphia, appellee.

Opinion per Curiam, September 29, 1971:

The City of Philadelphia (appellee) instituted an action in equity against the Franklin Smelting and Refining Company (appellant) to enjoin alleged violations of the Philadelphia Air Management Code. The appellant filed preliminary objections questioning the

jurisdiction of the court below due to the appellee's alleged failure to exhaust administrative remedies. These objections were subsequently dismissed and this appeal followed.

While it is clear beyond question that the decree from which this appeal was taken is interlocutory, appellant contends that the decree is appealable under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. Before any disposition of the appeal on the merits and prior to any application of the Act of 1925, we must determine the preliminary question concerning our jurisdiction.

Section 402(4) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, §402(4), 17 P.S. §211.402(4) (Supp. 1971) pertinently provides that "The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the Courts of Common Pleas in . . . all actions or proceedings arising under any . . . city . . . home rule charter or local ordinance or resolution." Moreover, Section 501 of the Appellate Court Jurisdiction Act of 1970 states: "An appeal authorized by law from an interlocutory order in a matter shall be taken to the appellate court having jurisdiction of final orders in such matter." Act of July 31, 1970, P. L. 673, §501, 17 P.S. §211.501 (Supp. 1971). Accordingly, if the decree of the court below is appealable, an issue we do not now decide, the Commonwealth Court would have jurisdiction. Although the Act of 1925 does not include any reference to the Commonwealth Court which was created forty-five years after the passage of the Act of 1925, any confusion has been obviated by Section 509(g)(30), a recent amendment to the Appellate Court Jurisdiction Act: "the following acts and parts of acts are hereby specifically repealed insofar as they vest jurisdiction and powers in courts in any manner inconsistent with this Act. . . . Section 1, Act of March 25, 1925 (P. L. 23). . . ."

The matter is remitted to the Commonwealth Court.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.