# Philadelphia *v.* Franklin Smelting and Refining Company, Inc.

Argued October 7, 1971, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

*Jeffrey A. Weiner*, with him *Leonard M. Sagot, John J. Poserina, Jr., Arthur Silverman,* and *Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,* for appellant.

*S. Jay Sklar,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, December 8, 1971:

The City of Philadelphia (City) filed an action in equity against appellant, Franklin Smelting and Refining Company, Inc.,[1] seeking an injunction to prevent appellant from continuing its operation in violation of various provisions of the Philadelphia Air Management Code. The complaint alleged that appellant's operations result in continuous smoke, fumes, oxide and fugitive dust emissions in excess of amounts specified in Regulations adopted by the Air Pollution Control Board pursuant to the Air Management Code. Further, it is alleged that appellant's continued operations constitute a public nuisance per se under the Air Management Code which the City contends entitles it to obtain injunctive relief. The complaint does not plead irreparable harm from appellant's continuous actions.

Appellant filed preliminary objections to the City's complaint in equity questioning the jurisdiction of a court of equity on the ground that the City has an exclusive statutory remedy which it must utilize. The lower court overruled appellant's preliminary objections with leave to file an answer within twenty (20) days. The appellant filed an appeal to the Supreme Court which held that the Commonwealth Court had jurisdiction to hear the appeal and the appeal was remitted to this Court on September 29, 1971. *City of Philadelphia v. Franklin Smelting and Refining Company, Inc.,* 444 Pa. 181, 281 A. 2d 463 (1971).

---

[1] Metals Development Corporation was removed as a defendant to this suit by stipulation of the parties to this litigation.

The Philadelphia Air Management Code was enacted by Philadelphia City Council to carry out the provisions of the Philadelphia Home Rule Charter relating to the Department of Public Health and the Air Pollution Control Board and constitutes legislation in that it is the adoption or enactment of a law by a competent body empowered to so act. *Philadelphia v. Sam Bobman Department Store Company,* 189 Pa. Superior Ct. 72, 149 A. 2d 518 (1959). Accordingly, its provisions have the same effect as would like provisions of a statute of the Legislature. We believe that this case is controlled by *Commonwealth v. Glen Alden Corporation,* 418 Pa. 57, 210 A. 2d 256 (1965), where it was required that the statutory procedures of the Air Pollution Control Act of 1960, January 8, P. L. (1959) 2119, 35 P.S. §4001 et seq., be strictly pursued and where it was held that equity had no jurisdiction to inquire into a controversy where to do so would obviate a statutory procedure provided by the Legislature for its resolution.

An exception to this rule is provided where pursuit of the statutory procedure, in the particular case, would cause irreparable harm. *See Duquesne Light Company v. Upper St. Clair Township,* 377 Pa. 323, 339-342, 105 A. 2d 287, 294-295 (1954); *Wood v. Goldvarg,* 365 Pa. 92, 74 A. 2d 100 (1950). Here there is no allegation or showing of such irreparable harm so as to bring the present case under this exception.

The City endeavors to avoid the holding in *Comwealth v. Glen Alden Corporation, supra,* by contending that *Brookhaven Borough v. American Rendering, Inc.,* 434 Pa. 290, 256 A. 2d 626 (1969), controls. *Brookhaven* merely recognized that the Legislature, by the Act of June 12, 1968, P. L. , No. 92, §8, 35 P.S. §4012.1, extended the same cumulative remedies that existed to abate the pollution of waters in this Com-

monwealth, as contained in the Clean Streams Act of 1937, June 22, P. L. 1987, Art. I, §1 et seq., 35 P.S. §691.1 et seq., to the Air Pollution Control Act. After such amendment, equity jurisdiction attaches to restrain a public or private nuisance caused by air pollution.

However, the Philadelphia Air Management Code has no provision analogous to the provision added by amendment to the Air Pollution Control Act of 1960. Neither does the wording of the ordinance entitle the City to bring an action for injunctive relief under the admitted factual situation. Under this ordinance, a nuisance per se must exist before an action for injunctive relief can be brought. Section 3-103 of the ordinance sets forth three prerequisites which must occur before a public nuisance per se can exist. One of them, a continuing violation of an order of the Department of Public Health, does not admittedly exist since said Department has not made any order relative to appellant. Thus one of the essential prerequisites to seeking injunctive relief under the terms of the ordinance is absent. The result is that our determination is controlled by the holding of *Commonwealth v. Glen Alden Corporation, supra,* and not by the holding in *Brookhaven Borough v. American Rendering, Inc., supra.*

In the recent case of *West Homestead Borough School District v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A. 2d 904 (1970), in which *Commonwealth v. Glen Alden Corporation, supra,* was cited with approval, the same questions were raised as confront us here. The appellant in that equity case likewise claimed that the lower court's order, dismissing preliminary objections wherein the jurisdiction of the court below was challenged on the basis that there existed an exclusive statutory administrative remedy which was available to appellee, raised a question of

jurisdiction over the subject matter of the action which included it within the scope of the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. There the Supreme Court stated, at page 118 of 440 Pa.: "For more than 150 years, it has been the rule in Pennsylvania that: 'In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect.' Act of 1806, March 21, P. L. 558, 4 Sm. L. 326, §13; 46 P.S. §156. See Calabrese v. Collier Twp. Mun. Auth., 430 Pa. 289, 294-95, 240 A. 2d 544, 547 (1968).

"This statute says in unambiguous language that, if the legislature provides a specific, *exclusive*, constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method. This excludes an action for injunction, or other equitable form of relief, unless the statute provides for it or unless there is some irreparable harm that will follow if the statutory procedure is followed."

We conclude that the court below lacked jurisdiction to entertain any action at this early stage of the administrative proceeding and therefore was not competent to act, and that this appeal under the Act of 1925 was proper. Therefore, we dismiss the City's motion to quash the appeal.

Order reversed, with directions to sustain the preliminary objections to equity jurisdiction and dismiss the complaint.

DISSENTING OPINION BY JUDGE MANDERINO:

I dissent. The majority opinion points out that the court below has jurisdiction to grant injunctive relief under the Philadelphia Air Management Code if the plaintiff, City of Philadelphia, can establish that a nuisance per se exists as that term is defined in the Philadelphia Air Management Code. The majority, then, concludes that a nuisance per se did not exist as that term is defined under the Air Management Code. I do not see how such a question can be considered let alone decided by preliminary objections. The City of Philadelphia has alleged that a nuisance per se does exist. The defendant may deny this by way of answer and may even be able to support its denial by affidavits entitling the defendant to summary judgment. The question of whether or not a nuisance per se exists is purely and simply a factual question which cannot be raised by a preliminary objection raising the court's subject matter jurisdiction. The majority properly dismisses the city's motion to quash this appeal because it is an allowable appeal from the dismissal of a preliminary objection which raised the question of the jurisdiction of the court below. The lower court's order, however, should be affirmed on this appeal because the lower court does have jurisdiction to grant an injunction *if* the allegations of the complaint are properly established. We should not open a door by which defendants can use a preliminary objection raising a jurisdictional question as an umbrella to raise matters which can only be properly raised by an answer to the complaint.