Haddington Leadership Organization, Inc., et al.
*v.* Sherman.

310

Argued February 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Paul Shalita,* with him *Lawrence Goldberg* and *Goldberg & Frankel,* for appellant.

*A. Clifford Pearlman,* with him *Pepper, Hamilton & Scheetz,* for appellees.

OPINION BY JUDGE MENCER, April 5, 1973:

The Haddington Leadership Organization, Inc. (Haddington), is the Project Area Committee acting as the representative of the local citizens relative to what is known as the Haddington Urban Renewal Area. Haddington was formed in accord with applicable United States Department of Housing and Urban Develop-

ment (HUD) regulations. Haddington, together with a James N. Monk who resides at 5325 Vine Street, Philadelphia, Pennsylvania, filed a complaint in equity in the Court of Common Pleas of Philadelphia County. This complaint named as defendants the Redevelopment Authority of the City of Philadelphia (Redevelopment Authority) and F. Bruce Baldwin, Jr., as Chairman, and Francis J. Meyers as Executive Director, of the Redevelopment Authority.

Haddington's complaint asserted that the City Council for the City of Philadelphia had "adopted" certain ordinances in connection with an urban renewal plan for the Haddington Urban Renewal Area Unit I; also, that these ordinances provided that 5311-5319 Vine Street be developed as a public parking area. The complaint contained allegations that the buildings located at 5311-5319 Vine Street had been condemned by the Redevelopment Authority but were still occupied by the condemnee, James Sherman (Sherman), as a garage and gas station which "created unsightly and obstructive conditions in Haddington I."

Haddington's complaint further alleged that, although the Redevelopment Authority had acquired title to 5311-5319 Vine Street fourteen months previously, it had not instituted eviction proceedings against Sherman. The complaint's prayer for equitable relief was that (1) an injunction issue, preliminary until hearing and perpetual thereafter, restraining the defendants from permitting Sherman's Garage and Gas Station to continue to occupy 5311-5319 Vine Street and (2) defendants be commanded to immediately commence eviction proceedings against the occupant of 5311-5319 Vine Street and to promptly carry out the development of that property in accord with the applicable Urban Renewal Plan.

Sherman filed a petition for leave to intervene as a party defendant and, after being granted the right to

intervene, he filed preliminary objections to the complaint. The lower court overruled the preliminary objections and Sherman has filed this appeal from that ruling.

Our point of departure is that no appeal lies from an order overruling preliminary objections unless a special right to appeal is expressly given by statute such as is afforded those attacking jurisdictions. *Volker v. Mallon*, 420 Pa. 41, 216 A. 2d 65 (1966). Here we have such an attack and, under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, an appeal is allowed "[w]herever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance. . . ."

Concerning the applicability of the Act of 1925 and the question of jurisdiction to which it has reference, we must be mindful of what was stated in *Studio Theaters, Inc. v. Washington*, 418 Pa. 73, 76-77, 209 A. 2d 802, 804-05 (1965):

"Despite numerous decisions of our courts, there is still, apparently, confusion as to the availability of the Act of 1925, supra, as the vehicle for an appeal which otherwise, by reason of the interlocutory nature of the order, would be unavailable at this stage of the proceeding. Under the Act of 1925, supra, the sole question appealable is whether or not the court below had *jurisdiction* either over the person of the defendant or the subject matter of the action. In the case at bar, the City attacks what it deems to be the *jurisdiction* of the court of equity over the subject matter of this action. The test of jurisdiction is whether the court has *power* to enter upon the inquiry: *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A. 2d 566; *Adler v. Philadelphia*, 397 Pa. 660, 664, 156 A. 2d 852; *University Square No. 1, Inc. v. Marhoefer*, 407 Pa. 257, 180 A. 2d 427; *Seligsohn Appeal* 410 Pa. 270, 189 A. 2d 746.

"In *Witney v. Lebanon City,* 369 Pa. 308, 311, 312, 85 A. 2d 106, this Court said: 'In Zerbe Township School District v. Thomas, 353 Pa. 162, 44 A. 2d 566, we stated principles which are here applicable, namely that even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controveries of *the general class* to which the case presented for its consideration belonged,—whether the court had power to *enter upon the inquiry,* not whether it might ultimately decide that it was unable to grant the relief sought *in the particular case;* that the Act of 1925 was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings and that it was not concerned with matters going to the right of the plaintiff to *recover* on his cause of action but only with his right to have his cause of action *heard and determined. . . .'*"

Did the lower court have power to enter into the inquiry as to whether what the Redevelopment Authority did or did not do was in accord with the powers and duties given to it by the Urban Redevelopment Law, Act of May 24, 1945, P. L. 991, as amended, 35 P.S. §1701 et seq.? We think that the answer to that question must be in the affirmative.

In *Schenck v. Pittsburgh,* 364 Pa. 31, 70 A. 2d 612 (1950), the Supreme Court took original jurisdiction of proceedings where the plaintiff filed a bill in equity for an injunction against the carrying out, under the Urban Redevelopment Law, of a project for the redevelopment of a tract of land in Pittsburgh's "Golden

Triangle" area. The Court decided the case on its merits and held that plaintiff was not entitled to the injunction since the action of the Urban Redevelopment Authority was a proper exercise of its discretion.

Here, Sherman's preliminary objections asserted that the lower court had no jurisdiction over the subject matter because the administration of the urban renewal plan is committed by law to the discretion of the Redevelopment Authority and their activities are not subject to judicial review or control. We cannot agree with this premise. In *Schwartz v. Urban Redevelopment Authority of Pittsburgh*, 411 Pa. 530, 536, 192 A. 2d 371, 374 (1963), it was stated:

"The Authority is a public body exercising public powers of the Commonwealth as an agency thereof. 35 P.S. §1709; Belovsky v. Redevelopment Authority of Philadelphia, 357 Pa. 329, 54 A. 2d 277 (1947). As a public body it stands in a fiduciary relationship to the public and to taxpayers and its conduct must always be guided by the rule of good faith, fidelity and integrity. Heilig Bros. Co., Inc. v. Kohler, 366 Pa. 72, 76 A. 2d 613 (1950).

"This Court has held that the mushrooming of authorities at all levels of government and the frequent complaints that the agencies arbitrarily or capriciously and unintentionally ignore or violate rights which are ordained or guaranteed by the Federal and State Constitutions and established law make it imperative that a check rein be kept upon them. Keystone Raceway Corp. v. State Harness Racing Commission, 405 Pa. 1, 173 A. 2d 97 (1961)." We conclude that courts have the power to inquire into, and therefore have jurisdiction in, those instances where governmental bodies exercise their discretion in bad faith, fraudulently, capriciously, or by an abuse of power. *Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 109 A. 2d 331 (1954).

We recognize that judicial interference with an urban redevelopment authority's performance of its discretionary duties can only be sustained where it is clearly shown that the authority acted outside the scope of its statutory authority or in the improper exercise of its discretion. *See Landerman v. Churchill Area School District,* 414 Pa. 530, 200 A. 2d 867 (1964); *Redevelopment Authority of the City of Erie v. Owners or Parties in Interest,* 1 Pa. Commonwealth Ct. 378, 274 A. 2d 244 (1971). We accept the standard of judicial review pronounced in *Blumenschein v. Pittsburgh Housing Authority, supra,* that "courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion." 379 Pa. at 573, 109 A. 2d at 335.

However, this is the standard of judicial review and not the test of determining jurisdiction. In addition, the preclusion of judicial review is not lightly to be inferred but requires a showing of clear evidence of legislative intent. *Environmental Defense Fund Inc. v. Hardin,* 428 F. 2d 1093 (D.C. Cir. 1970).

Since we agree with the lower court that it had jurisdiction over the subject matter, we turn our atten-

tion to Sherman's preliminary objection that Haddington has no standing to bring the action under the Urban Redevelopment Law or any other code or statute. Sherman has not cited any authority to us in support of this contention. We think this objection to be without merit. Surely Haddington was formed under HUD regulation to provide participation of local citizens in the formulation and implementation of the urban renewal plan for the Haddington Urban Renewal Area. This project area committee of citizens in the area affected by the urban renewal plan certainly has an interest which an improper exercise of the Redevelopment Authority's discretion can transform into an adverse interest. We conclude that the lower court was correct in determining that Haddington had standing to bring this action. *See Powelton Civic Home Owners Association v. Department of Housing and Urban Development*, 284 F. Supp. 809 (E.D. Pa. 1968); *Norwalk CORE v. Norwalk Redevelopment Agency*, 395 F. 2d 920 (2d Cir. 1968); *Price v. Philadelphia Parking Authority*, 422 Pa. 317, 221 A. 2d 138 (1966).

Our decision today should not suggest that plaintiffs have pled a good cause of action or that any or all of the relief sought by their complaint should be afforded to them. We merely decide that the lower court's determinations that plaintiffs had standing to bring the action and that the court had jurisdiction over the subject matter were correct. Therefore, the overruling of Sherman's preliminary objections with leave to file an answer must be affirmed.

Order affirmed.