## Commonwealth v. All Fresh Compost, Inc.

*Hershel J. Richman,* Deputy Attorney General, for Commonwealth.

*Joseph F. Harvey,* for defendant.

KENT, J., December 27, 1973.—This matter comes before the court on defendant's preliminary objections to the Commonwealth's complaint in equity seeking injunctive and other relief. The Commonwealth's complaint alleges, inter alia, that defendant is engaged in composting operations and is maintaining an impoundment for depositing and holding large amounts of sewage. The complaint also alleges that ". . . the aforementioned impoundment is not impervious and contains pollutional waste materials, thereby permitting its contents to pollute the ground water which is in violation of section 101.4 of the Department's regulations and section 402 of the Clean Streams Law." The Commonwealth prays that the court issue an injunction restraining defendant from such illegal operation. Additionally, by motion

attached to the complaint, the Commonwealth moves for a preliminary injunction and hearing thereon.

By its preliminary objections, defendant contends firstly that equity is without jurisdiction of the cause by reason of plaintiff's failure to state a cause of action in equity, and further by reason of the existence of an adequate statutory remedy at law. Defendant further interposes preliminary objections in the nature of a demurrer on the grounds that, firstly, the complaint fails to allege that plaintiff has complied with its duties under the Clean Streams Law and, secondly, that the Clean Streams Law does not apply to farming. In its objections, defendant also moves to strike the complaint and seeks a more specific pleading.

Turning first to the question of equitable jurisdiction, defendant's initial contention that plaintiff has failed to state a cause of action is apparently directed exclusively to the motion for preliminary injunction. Relying on the provisions of section 601(b) of the Clean Streams Law of June 22, 1937, P. L. 1987, art. VI, sec. 602, 35 PS §691.602, defendant contends that a preliminary injunction may issue only where the public health is endangered, and that plaintiff has failed to allege the exceptional circumstances contemplated by the act for the entry of a preliminary injunction.

In its complaint, plaintiff avers, inter alia, that it "suffers immediate and irreparable harm from defendant's continued plain and open violation of the Clean Streams Law and the rules and regulations of the department." When it is asserted by way of preliminary objection that a court of equity does not have jurisdiction, the averments of the complaint must be accepted as true for the purpose of determining the question of jurisdiction: Fleishmann's Vienna Model Bakery v. Torquato, 12 D. & C. 2d 490 (1956). On this basis, we cannot say that plaintiff's averments of

immediate and irreparable harm, if proved, may not bring it within the purview of injunctive relief as contemplated by the act.

Defendant further complains in this regard of the general and unspecific nature of plaintiff's averments. Such objection is more properly considered in connection with defendant's application for a more specific pleading set forth below.

Defendant further contends that inasmuch as the Department of Environmental Resources has available to it administrative remedies which it can follow to prohibit any alleged violations of the Clean Streams Law, supra, that such is a full and adequate remedy at law, and, therefore, an action in equity that would have otherwise been permitted pursuant to section 601 of the act should be dismissed. That section provides, in part, as follows:

"(a) Any activity or condition declared by this Act to be a nuisance, shall be abatable in the manner provided by law or equity for the abatement of public nuisances. In addition, suits to abate such nuisances or suits to restrain or prevent any violation of this act may be instituted in equity or at law in the name of the Commonwealth upon relation of the Attorney General": July 31, 1970, P. L. 653, 35 PS §691.601.

Additionally, section 701 provides, in part, as follows:

"It is hereby declared to be the purpose of this act to provide additional and cumulative remedies to abate the pollution of the waters of this Commonwealth, and nothing in this act contained shall in any way abridge or alter rights of action or remedies now or hereafter existing in equity, or under the common law or statutory law, criminal or civil, nor shall any provision in this act, or the granting of any permit under this act, or any act done by virtue of this act, be construed

as estopping the Commonwealth, persons or munic-
ipalities, in the exercise of their rights under the
common law or decisional law or in equity, from
proceeding in courts of law or equity to suppress
nuisances, or to abate any pollution now or hereafter
existing, or enforce common law or statutory rights."

It is clear that the legislature intended to vest the
Commonwealth of Pennsylvania with cumulative and
alternate remedies by which it could be permitted to
abate pollution of the waters of the Commonwealth:
Department of Environmental Resources v. Leechburg
Mining Co., 9 Comm. Ct. 297, 305 A. 2d 764 (1973).
See Brookhaven Borough v. American Rendering Inc.,
434 Pa. 290 (1969). Therefore, defendant's preliminary
objection raising a question of the propriety of equity
jurisdiction should be dismissed.

In its preliminary objection in the nature of a
demurrer, defendant argues that the Commonwealth
failed to set forth a cause of action upon which relief
can be based, because composting is an agricultural
activity, and the Clean Streams Act does not apply to
such activities.

Section 4 of the act sets forth a declaration of policy
of the act, in part, as "The achievement of the objective
herein set forth requires a comprehensive program
of watershed management and control." The proscrip-
tion in section 601 of the act is directed toward "Any
activity or condition declared by this act to be a
nuisance," and that "such activity" shall be abatable
in the manner provided by law or in equity for the
abatement of public nuisances. Section 401 of the act
makes the following proscription:

"It shall be unlawful for any person or municipality
to put or place into any of the waters of the Common-
wealth, or allow or permit to be discharged from
property owned or occupied by such person or munic-

ipality into any of the waters of the Commonwealth, any substance of any kind or character resulting in pollution as herein defined. Any such discharge is hereby declared to be a nuisance."

Section 1 of the act defines person as meaning "to include any natural person, partnership, association or corporation." Additionally, " 'Pollution' " shall be construed to mean contamination of any waters of the Commonwealth such as will create or is likely to create a nuisance or to render such waters harmful, detrimental or injurious to public health, safety or welfare, or to domestic, municipal, commercial, industrial, agricultural, recreational, or other legitimate beneficial uses."

From the foregoing, it is obvious that the legislature intended that the Clean Streams Law be applicable to any person, as defined in the act, and to proscribe any activity or condition which deleteriously affects the waters of this Commonwealth. There is no specific exemption in the act for agricultural activity simply because the act does set forth specific restrictions on industrial wastes, and institutional and municipal sewage. This does not mean that the act inferentially exempts agricultural activity from the proscriptions of the act. Defendant's preliminary objection in the nature of a demurrer to plaintiff's complaint in equity is dismissed.

Lastly, defendant complains that the Commonwealth's pleading has failed to state the material facts on which its claims are based but merely sets forth inferences and conclusions. With this contention, we are in agreement. A complaint which consists of inferences and conclusions is insufficient to support an injunction: Shoemaker v. York Junior College, 30 D. & C. 2d 750 (1963). In its pleading, the Commonwealth has failed to set forth the specific facts which

give rise to its pleaded conclusions that defendant is in violation of law and that irreparable harm will result therefrom. Defendant is entitled to be apprised of the precise facts upon which the Commonwealth bases its claim: Mordy v. Reichley, 7 D. & C. 2d 80 (1956). We, accordingly, sustain defendant's preliminary objection by way of motion for a more specific pleading and enter the following

## ORDER

And now, December 27, 1973, after argument of counsel and consideration of briefs, defendant's motion for a more specific pleading is granted and the Commonwealth is granted 20 days from the date hereof to file an amended complaint. Defendant's remaining preliminary objections are dismissed.