Ladd E. Hoover and Barber Nell Hoover *v.* Bucks County Tax Claim Bureau and Robert D. Culp. Robert D. Culp, Appellant.

Submitted on briefs, April 5, 1979, to Judges MEN-CER, ROGERS and CRAIG, sitting as a panel of three.

*Robert D. Culp,* appellant, for himself.

*John P. Koopman,* for appellees.

OPINION BY JUDGE MENCER, July 30, 1979:

Ladd E. Hoover and Barber Nell Hoover filed a complaint in equity with the Court of Common Pleas of Bucks County, seeking to set aside the tax sale of their mobile home to Robert D. Culp. The Hoovers alleged a failure to give notice of the sale in accordance with the requirements of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101 et seq. Culp filed preliminary objections to the complaint, alleging improper service and the existence of an adequate statutory remedy. These objections were overruled by the Court of Common Pleas, and Culp then filed an appeal with this Court.

In general, this Court has appellate jurisdiction only over *final* orders of a court of common pleas. Section 402 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.402, repealed by Section 2(a) [1443] of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202. A similar provision is now found in the Judicial Code, 42 Pa. C.S. §762(a). Since an order dismissing preliminary objections is not final in nature, this Court has no jurisdiction over appeals from such orders unless a right of appeal is expressly provided by statute. *See, e.g., Haddington Leadership Organization, Inc. v. Sherman,* 8 Pa. Commonwealth Ct. 309, 312, 302 A.2d 919, 921 (1973). Culp claims that this Court has jurisdiction over his appeal by virtue of Section 1 of the Act of March 5, 1925, P.L. 23, *as amended* (Act of 1925), *formerly* 12 P.S. §672, repealed (effective June 27, 1980) by Section 2(a) [1069] of JARA. Section 1 permits interlocutory appeals "[w]herever . . . the question of jurisdiction over the defendant or of the cause of action . . . is raised." Under this act, if an appeal does not involve a question of jurisdiction, the appeal must be quashed; if it does involve such a question, the appeal is limited to a determination of whether the court below had jurisdiction. *Seligsohn Appeal,* 410 Pa. 270, 273-74, 189 A.2d 746, 748 (1963); *see also Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 78, 209 A.2d 802, 805 (1965); *Fox v. Pennsylvania Securities Commission,* 17 Pa. Commonwealth Ct. 72, 75, 328 A.2d 573, 575 (1974).

"Jurisdiction," as used in the Act of 1925, refers only to the power of the lower court to enter upon the inquiry. *Studio Theaters, supra,* 418 Pa. at 77, 209 A. 2d at 804; *Haddington Leadership Organization, Inc. v. Sherman, supra,* 8 Pa. Commonwealth Ct. at 312-13, 302 A.2d at 921; *Kramer v. Kramer,* Pa. Superior

Ct. , , 394 A.2d 577, 581 (1978) (allocatur denied). The term does not encompass what is often loosely referred to as "equity jurisdiction," since the latter phrase relates only to whether or not the particular case is one which calls for the extraordinary remedies available on the equity "side" of the court. *See, e.g., West Homestead Borough School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 117-18, 269 A.2d 904, 906-07 (1970); *Studio Theaters, supra.* Specifically, the power of a court to hear and decide a controversy is not involved where it is alleged that equitable relief should not be granted because of the existence of an adequate remedy at law. *See, e.g., West Homestead Borough, supra; Studio Theaters, supra; Kramer v. Kramer, supra.*

There is a distinction, however, between the defense of "adequate remedy at law" and that of "exclusive statutory remedy." *West Homestead Borough, supra; Studio Theaters, supra*, 418 Pa. at 80-82, 209 A.2d at 806-07 (COHEN, J., dissenting). Where the legislature has provided an *exclusive* method for disposing of a case or controversy, it has in fact deprived the courts of common pleas of the *power* to inquire into the matter in any other fashion. Therefore, preliminary objections alleging the existence of an exclusive statutory remedy raise a true question of jurisdiction which is appealable by virtue of the Act of 1925. *West Homestead Borough, supra. But see Studio Theaters, supra.*

Turning to the jurisdictional issue in the case at hand, does the court below have the power to hear and decide a suit in equity raising the adequacy of notice under the Tax Sale Law? It is true that Section 607 of the Tax Sale Law, 72 P.S. §5860.607, provides a statutory procedure whereby the adequacy of the notice can be raised and decided. Under that section, the court of common pleas is required to enter a

decree nisi confirming a tax sale, to which objections challenging the legality of the sale may be filed by interested parties. *See* subsections (a)-(d) of Section 607. If no objections are filed, or if such objections are overruled, Section 607(g) provides that

> the validity of the tax, its return for nonpayment, the entry of the claim, or the making of such claim absolute and the proceedings of the bureau with respect to such sale, *except as to the giving of notice as required by the act,* or the time of holding the sale, or of petitioning court for an order of sale *shall not thereafter be inquired into judicially* in equity or by civil proceedings by the person in whose name such property was sold, his or her or theirs, or his, her or their grantees or assigns or by any lien creditor or other person whatever. (Emphasis added.)

It is apparent from the emphasized language that the legislature has not made the statutory procedure the *exclusive* method for challenging the adequacy of notice and that courts of equity continue to have the power to inquire into the issue even after the judicial confirmation of a tax sale.

We emphasize that we are *not* deciding whether or not the Hoovers' complaint in equity should have been dismissed because of the existence of an adequate remedy at law. That is an issue which *this* Court has no need, in this appeal, to decide, since the question does not concern the power of the lower court to decide a suit in equity raising the adequacy of notice under the Tax Sale Law.[1] *See DeLuca v. Buckeye Coal Co.,* 463 Pa. 513, 519, 345 A.2d 637, 640 (1975)

---

[1] Although the Hoovers have not challenged our jurisdiction to decide the issue, we may properly raise questions concerning our own jurisdiction sua sponte. *See, e.g., West Homestead Borough, supra.*

(where legislative remedy is permissive only, no true question of lower court's jurisdiction is involved); *Redding v. Atlantic City Electric Co.*, 440 Pa. 533, 536, 269 A.2d 680, 682 (1970); *Kramer v. Kramer, supra.*

Culp has also raised a question of the lower court's jurisdiction over his person which is appealable by virtue of the Act of 1925. The Hoovers' original complaint, filed in November 1976, named only the Bucks County Tax Claim Bureau. Culp, of course, was not served with a copy of this complaint. On June 28, 1977, the Hoovers filed what was captioned "Amended Complaint" which named Culp as a party. A copy of the "Amended Complaint" was served on Culp 10 days later. Culp contends that the Hoovers' failure to reinstate the *original* complaint within 30 days of serving him with the "Amended Complaint," as allegedly required by Pa. R.C.P. Nos. 1009, 1010, and 1501, deprives the lower court of jurisdiction over his person.

This argument is without merit. Under Pa. R.C.P. No. 1007, the Hoovers were entitled to commence an action against Culp by filing a complaint. A complaint naming Culp as a party was in fact filed, for the first time, on June 28, 1977, and Culp was served with a copy well within the 30-day limitation of Pa. R.C.P. No. 1009(a). The fact that this complaint was captioned "Amended Complaint" we deem to be of no significance.

Order affirmed insofar as it holds that the Court of Common Pleas of Bucks County has jurisdiction over the person of Robert D. Culp and over the subject matter of the suit.

ORDER

AND Now, this 30th day of July, 1979, the order of the Court of Common Pleas of Bucks County, dated February 10, 1978, dismissing the preliminary objec-

tions of Robert D. Culp, is hereby affirmed insofar as it holds that said court has jurisdiction over the person of Robert D. Culp and over the subject matter of the suit.