Township of Elizabeth v. Power Maintenance Corporation and Allegheny County and Municipal Industrial Disposal Company. Power Maintenance Corporation, Appellant.

Argued May 9, 1980, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

*Jack W. Plowman, Plowman & Spiegel,* for appellant.

*Timothy P. O'Reilly, Jacobs, Frobouck & Stabile,* with him *James Victor Voss, Meyer, Unkovic & Scott,* and *Francis J. Carey, Balzarini, Walsh & Maurizi,* for appellees.

Opinion by Judge MacPhail, July 28, 1980:

Elizabeth Township (Township) filed a complaint in equity before the Court of Common Pleas of Allegheny County seeking to enjoin the hauling of flyash, a waste product from the Elrama Power Station of Duquesne Light Company, through a residential area to a landfill in the township. The hauling is done by Power Maintenance corporation (Power Maintenance), one of three defendants named in the complaint. A second defendant is Municipal Industrial

Disposal Company, which operates the landfill to which the flyash is hauled. The third defendant, Allegheny County, owns and is responsible for the upkeep of Broadlawn Drive, the road over which the hauling is done.

The complaint alleges that the hauling of flyash through a residential neighborhood constitutes a public nuisance because great quantities of dust are created thereby and make it difficult for residents of the area to breathe. This is asserted as a danger to the health of these residents. Further, it is alleged that the extreme weight of the flyash hauled is causing damage to the road and causes mud and other debris to be deposited on the road. The complaint also alleges a "de facto rezoning" of the area in that the use by Power Maintenance has transformed a residential area into a commercial area.

All defendants filed preliminary objections to the complaint. The preliminary objection of Allegheny County in the nature of a demurrer was sustained by the lower court. Defendant Municipal Industrial Disposal Company's motion for a more specific pleading was granted. Both Municipal Industrial Disposal Company and Power Maintenance filed preliminary objections challenging the jurisdiction of the Court of Common Pleas and asserting the failure of the Township to exhaust a statutory remedy. These objections were overruled by the lower court. Power Maintenance has appealed to this Court from the order overruling its preliminary objection challenging jurisdiction.[1] We reverse.

_____

[1] We note that Municipal Industrial Disposal Company has not filed an appeal from the order dismissing its preliminary objection challenging jurisdiction. Our order, therefore, refers only to that part of the order of the lower court that overrules the preliminary objections of Power Maintenance.

The learned trial judge addressed the issue of exhaustion of remedies,[2] but did not specifically deal with the jurisdiction issue in light of the Act of March 21, 1806, P.L. 558, formerly 46 P.S. §156, repealed by the Act of December 6, 1972, P.L. 1339. A similar provision is now found in Section 1504 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1504 (Act of 1806) and provides that

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

This Legislative pronouncement embodies the Pennsylvania version of the federal concept of primary jurisdiction. Primary jurisdiction is, in essence, a doctrine of judicial restraint and provides that, where a court determines that an administrative agency should

---

[2] The concept of exhaustion of remedies applies to situations where the courts determine at what stage in a dispute judicial review of administrative action may be sought. In Pennsylvania, exhaustion of remedies will probably not be required where the jurisdiction of the agency is challenged. 3K. Davis, *Administrative Law Treatise* §20.09 (1958).

The preliminary objection of failure to exhaust a statutory remedy did not so much raise an exhaustion of remedies issue as it did the assertion that the Township has an adequate remedy at law (pursuant to the Pennsylvania Solid Waste Management Act, Act of July 31, 1968, P.L. 788, 35 P.S. §6001 et seq.) and, therefore, equity should deny jurisdiction.

The questions of whether an adequate statutory remedy deprives equity of jurisdiction and whether denial of a preliminary objection alleging that statutory remedy is appealable under the Act of 1925 have not been reached by any Pennsylvania appellate courts. *See Hoover v. Bucks County Tax Claim Bureau*, 44 Pa. Commonwealth Ct. 529, 405 A.2d 562 (1979).

make the initial determination in a case (*i.e.* has primary jurisdiction), the court will not decide the issues presented by the case, but will defer to the agency. 3K. Davis, *Administrative Law Treatise* §1901 (1958).

The Pennsylvania courts, pursuant to the clear Legislative intent expressed in the Act of 1806, have given a broad interpretation to that statute. Hence, the Supreme Court of Pennsylvania stated, in a factually similar if temporally remote case, "[t]he powers of control or regulation, or whatever authority the court may, in other days, have possessed over these concerns, are supplanted by the Public Service Commission." *Fogelsville & Trexlertown Electric Co. v. Pennsylvania Power & Light Co.*, 271 Pa. 237, 114 A. 822 (1921).

The wisdom of the Act of 1806 was recognized more recently in *Commonwealth v. Glen Alden Corp.*, 418 Pa. 57, 210 A.2d 256 (1965), where the Secretary of Health sought an order in equity to compel removal of burning coal refuse piles, which were claimed to constitute a public nuisance.

The court held that the Air Pollution Control Act, Act of January 8, 1960, P.L. (1959) 2119, *as amended*, 35 P.S. §4001 et seq., provided a statutory procedure to deal with the exact problem sought to be remedied in equity and, therefore, that the statutory remedy must be strictly pursued. The only exception to the rule that equity has no power to act where a statutory remedy is provided is where pursuit of the statutory remedy would cause irreparable harm. *Id.*[3]

Power Maintenance contends that because of the Act of 1806, equity lacks subject matter jurisdiction

---

[3] A second exception has been enunciated where a constitutional challenge to the validity of a taxing statute is launched. *See Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974).

over the instant controversy. Both Power Maintenance and Municipal Industrial Disposal Company operate pursuant to permits issued by the Department of Environmental Resources (DER) under the Pennsylvania Solid Waste Management Act (Act), Act of July 31, 1968, P.L. 788, 35 P.S. §6001 et seq. and, therefore, if the activity recited by the complaint constitutes a nuisance, DER has sole jurisdiction to enjoin the activity. On the basis of this argument, Power Maintenance brings this appeal pursuant to the Act of March 5, 1925,[4] which provides that, where a preliminary objection challenges the jurisdiction of a court, the general rule that appeals from orders denying preliminary objections are interlocutory will not apply. *Haddington Leadership Organization, Inc. v. Sherman,* 8 Pa. Commonwealth Ct. 309, 302 A.2d 919 (1973). The sole issue before us is whether the court below had jurisdiction over the subject matter of the action. *Sperry & Hutchinson Co. v. O'Connor,* 488 Pa. 340, 412 A.2d 539 (1980).

The rule has developed in Pennsylvania jurisprudence that, where the Legislature has provided an exclusive method of resolving a controversy, the courts of common pleas have no power to enter into the inquiry and an issue appealable under the Act of 1925 is raised. *Hoover v. Bucks County Tax Claim Bureau,* 44 Pa. Commonwealth Ct. 529, 405 A.2d 562 (1979). We must analyze the Act, therefore, to determine whether the statutory remedy provided is meant to be exclusive.

Before we turn to the Act itself, we deem it useful to briefly trace the path taken by the Air Pollution

---

[4] Act of March 5, 1925, P.L. 23, repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202, which became effective June 27, 1980. Similar provisions are found in the Judicial Code, 42 Pa. C. S. §1722(a)(1) and §5105(c).

Control Act following the decision in *Glen Alden, supra.*

Section 11 of the Air Pollution Control Act was amended by Section 1 of the Act of January 24, 1966, P.L. (1965) 1520 to clarify the specific right of the Secretary of Health (now DER)[5] to seek abatement of a public nuisance by an action in equity.

Section 12.1 was added to the Air Pollution Control Act by Section 8 of the Act of June 12, 1968, P.L. 163, was repealed by Section 11-1 of the Act of October 26, 1972, P.L. 989, and a similar provision is now found in Section 12.1 of the Air Pollution Control Act, added by Section 11.2 of the Act of October 26, 1972, P.L. 989, 35 P.S. §4012.1a. It was on the basis of Section 12.1, which preserved the power of equity to abate a public nuisance, that the court decided *Borough of Brookhaven v. American Rendering, Inc.,* 434 Pa. 290, 256 A.2d 626 (1969). In *Brookhaven,* the court upheld the lower court's dismissal of preliminary objections challenging the jurisdiction of equity to abate a public nuisance caused by air pollution. The court reasoned that *Glen Alden* was based on the failure of the Air Pollution Control Act to specifically preserve equity's jurisdiction and, that since the Air Pollution Control Act had been amended to preserve that jurisdiction, the lower court had the power to entertain the action. *Id.* In other words, the remedies provided by the Air Pollution Control Act are not exclusive since that Act specifically states that they are not exclusive.

From this discussion, we can perceive the concern of the Legislature to provide sufficient workable mechanisms to deal with violations of the environmental protection statutes. We can further perceive the

---

[5] *See,* Section 1901-A of The Administrative Code, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §510-1.

Legislature's sensitivity to case law and its ability to preserve equity jurisdiction where the need for such a remedy is perceived.

Turning now to the Solid Waste Management Act, we note the absence of a specific preservation of equity jurisdiction.

Section 6 of the Act provides that DER shall have the power and duty to protect the public health and prevent public nuisances. 35 P.S. §6006. Section 13 of the Act empowers the Secretary of DER to institute suit in equity to restrain violations of the Act or public nuisances. 35 P.S. §6013.

Section 1917-A of The Administrative Code, Act of April 9, 1929, P.L. 177, *as amended*, added by Section 20 of the Act of December 3, 1970, P.L. 834, provides that DER shall have the power and duty

(1) [t]o protect the people of this Commonwealth from unsanitary conditions and other nuisances, including any condition which is declared to be a nuisance by any law administered by the department.

71 P.S. §510-17(1).

Section 9 of the Act prohibits the handling, including transporting, of solid waste in such a manner as to create a public nuisance. 35 P.S. §6009(4).

Should DER issue a decision that a given use constitutes a nuisance, Section 1921-A of The Administrative Code provides for a hearing before the Environmental Hearing Board pursuant to the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202. Similar provisions are found in 2 Pa. C. S. §101 et seq.

It is clear from the foregoing that a detailed statutory remedy is available to deal with the hauling of flyash by Power Maintenance. Further, since the Legislature has not seen fit to specifically reserve equi-

ty jurisdiction to any party except the Secretary of DER, we hold that the remedy is to be deemed exclusive. *Glen Alden, supra.* We find, therefore, that the lower court lacked the power to entertain the Township's complaint in equity because of the existence of an exclusive statutory remedy.

Finally, we must consider whether irreparable harm will result from pursuit of the statutory remedy so that equity may assume jurisdiction and whether the allegation of "de facto rezoning" removes this case from DER's jurisdiction.

The Township has not specified what irreparable harm will follow if the statutory remedy is pursued, nor does a review of the record disclose a liklihood of such harm.

The Township asserts that because the complaint alleges "de facto rezoning," the court of common pleas may take jurisdiction over this case. The Township offers no legal support for the unique theory of "de facto rezoning" and we can find none. Our decision today is not at variance with earlier pronouncements by this Court that a local municipality may regulate landfills under its zoning ordinance so long as geological or engineering standards are not stricter than provided by DER. *Greene Township v. Kuhl,* 32 Pa. Commonwealth Ct. 592, 379 A.2d 1383 (1977). The Township is free to enforce its zoning ordinance if a violation thereof has occurred.

We stress that our decision herein does not leave the Township without a remedy. Indeed, for the reasons stated herein, DER involvement would seem desirable in alleviating the alleged nuisance.

ORDER

AND Now, this 28th day of July, 1980, that part of the order of the Court of Common Pleas of Allegheny

County, dated September 5, 1979 overruling the preliminary objections of Appellant Power Maintenance Corporation in the nature of a petition raising the question of subject matter jurisdiction is reversed and the action against Power Maintenance Corporation is dismissed.