### ACTON et al. v. JOHNSON et al.

Court of Appeals of Kentucky.
June 8, 1951.

Nicholas H. Dosker, Wm. F. Clarke and Randolph A. Brown, Louisville, for appellants.

Luther M. Roberts, Louisville, for appellees.

MILLIKEN, Justice.

Appellant Randall E. Acton filed a petition in equity on behalf of himself and 198 others, seeking a rescission of certain contracts under which appellees had sold to the appellant and members of the class he seeks to represent lots in a subdivision to be created in southern Indiana, a few miles north of Louisville. It is alleged that these contracts had been entered into by the 199 purchasers in reliance on seven false and fraudulent statements made to each of them by the agents of the appellees. The statements complained of were made orally and were not made a part of the written contracts. The number of lots so purchased is not made clear, for many of the 199 persons alleged to be members of the class were joint purchasers. At any rate, each lot purchased was the subject of a separate and distinct contract made by one or more members of that class with the appellees. The contracts were entered into at various times extending over a two-year period.

It appears that all of the purchasers were Negroes living in Louisville and that the appellees were members of a Minnesota partnership doing business as the National Loan Company. The appellees acquired a cornfield in southern Indiana, subdivided it, hired agents to sell the lots, and accepted partial or "down" payments on these lots. A total of $20,663 was thus collected.

In late May of 1949, appellant Acton filed this suit against the two appellees and two of their agents, but the suits against the agents were later dismissed without prejudice on motion of the plaintiffs. The original petition stated that the suit was on behalf of the petitioner and 198 others, and alleged that it was impractical to bring all of them before the court. Personal service was had on the agents in charge of the appellees' Louisville office, the summons being styled as a representative suit under Section 25 of the Civil Code of Practice. Later, by second, third and fourth amended petitions, in which were set forth the claim and allegation of each of the purchasers of 57 lots, Acton named 111 of the members of that class. The amended petitions are styled like the original action.

The first question to be decided is whether these amended petitions are merely redundant pleadings, or whether there is a belated attempt to join these parties as active plaintiffs. Appellant Acton contends that he was merely furnishing the details of the claim of each member of the class. Appellees contend that there was an abandonment of the original representative action and therefore an attempt at a joinder. The trial judge, in his opinion, stated that the plaintiff first alleged that it was impractical to bring all the parties before the court and yet later, in the amended petitions, attempted to make all of them parties plaintiff. The defendants first filed a special

demurrer, alleging an improper joinder of parties plaintiff. This demurrer was overruled. The defendants then filed a motion to force plaintiffs to elect which cause of action would be pursued. The basis of the motion was that there was an improper joinder of the plaintiffs. This motion was sustained and when plaintiffs refused to elect, the court struck out all of the allegations in the original petition and amendments thereto except those stating the individual claim of Acton suing only for himself, and, Acton refusing to plead further, the court dismissed his action without prejudice.

■ While the relief sought in the case at bar is equitable in nature—rescission of a contract or contracts and a return of the money payments made thereon—the conduct of the litigation must be governed by the applicable sections of our Civil Code of Practice and not by procedure at equity before the adoption of the Code. Civil Code of Practice, Section 16. Under the elastic principles of pre-code equity, the avoidance of a multiplicity of actions was a goal the chancellor sought to achieve and much was left to his personal judgment in the choice of the means employed in achieving it. But with the coming of the Codes much of the chancellor's freedom was sacrificed to the desire for definiteness in procedure. (See Clark on Code Pleading, 1947 Edition, Chapter 7, for a discussion of the subject.) The present provisions of our Code governing joinder of parties and joinder of causes of action are restrictive in nature, are largely arbitrary in their provisions, and not necessarily based on reasons of practical convenience. For ready reference, they are:

"§ 22. Interested persons may be joined as plaintiffs. All persons having an interest in the subject of an action and in obtaining the relief demanded may be joined as plaintiffs, unless it is otherwise provided in this Code.

\* \* \* \* \* \*

"§ 25. Numerous parties; one or more may sue or defend for all. If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all.

\* \* \* \* \* \*

"§ 83. Causes of action that may be joined. Several causes of action may be united, if each affect all the parties to the action, may be brought in the same county, and may be prosecuted by the same kind of action; and if all of them be brought

"1. Upon contracts. Upon contracts [except] express or implied; \* \* \*."

■ The appellants contend that, under section 25, they are entitled to represent all other purchasers of lots who were victims of the alleged fraudulent representations of the appellees. We cannot agree with this contention. The test for bringing a class or representative suit is stated in 67 C.J.S., Parties, § 13(3), page 920, to be as follows: "Where there can be a complete determination of the controversy without the presence of any other party, a representative action may be maintained. Conversely, where there cannot be a complete determination of the controversy without the presence of the persons in whose behalf plaintiff brings the action, a representative action cannot be maintained."

As stated in Restatement of the Law, Judgments, Section 86, the rule is: "A person who is one of a class of persons on whose account action is properly brought or defendant in a representative action or defense is bound by and entitled to the benefits of the rules of res judicata with reference to the subject matter of the action."

Then, in Subsection f. on page 423, it is stated: "This rule does not apply where members of a class having a common interest in the subject matter have a choice as to the remedy to be sought. Thus where a large number of persons are entitled to relief against a corporation because of an improperly registered statement or a general advertisement upon the basis of which all had purchased shares, a class suit would not be permitted, since each individual should have the choice between rescission,

544

a tort action, and possibly other relief (see Illustrations 9 and 10)."

■ While Section 83 of the Civil Code of Practice governs the causes of action which may be joined, one of its collateral effects is to place added limitations on the joinder of parties. Unless each of the causes of action which are intended to be joined in one action affects all of the parties to the joined action, the causes of action may not be joined in one suit. Although a misjoinder of parties was also present in Rural Credit Subscribers' Ass'n v. Jett, 205 Ky. 604, 266 S.W. 240, 243, the reasoning of the court as to the applicability of Section 83 of the Civil Code of Practice to a factual situation somewhat similar to the one at bar is pertinent here: "Each party plaintiff has his own cause of action to recover what he lost by the fraud which he can recover from such and only such of the defendants as participated in the fraud; but no other party plaintiff has the right to participate in his recovery. Neither has such a plaintiff the right to participate in the recovery of any other party plaintiff. The Code expressly requires that each of the causes of action must affect all the parties. In this case it seems to us that none of the causes of action affect any of the parties to any of the other causes of action. The cause of action of plaintiff No. 1 does not affect any of the other 2,299 parties plaintiff. So with all the other causes of action sought to be joined. The alleged fraud was perpetrated upon the various plaintiffs at different times and places. Each of them has his separate cause of action which in no wise affects the parties to the other causes."

■■ In view of this reasoning, it follows that Section 22 of the Civil Code of Practice governing joinder of plaintiffs is limited in its scope by Section 83 governing joinder of causes, and is of no help to the appellants in the present case. Under more liberal Code provisions the relief sought by the appellants could be granted, the cost to the individual litigants reduced, and a multiplicity of suits avoided. Akely v. Kinnicutt, 238 N.Y. 466, 144 N.E. 682; 30 Mich.Law Review 878. But we have no such provisions in Kentucky, and must be governed by the Code as it is.

We believe Commonwealth v. Scott, 112 Ky. 252, 65 S.W. 596, 55 L.R.A. 597, and Batman v. Louisville Gas & Electric Company, 187 Ky. 659, 220 S.W. 318, decided under the present Code provisions, preclude the imposition of a constructive trust upon the total fund collected by the appellees.

The order of the trial court dismissing the appellants' petition without prejudice is affirmed.