Charles A. Loreto, J.
Defendants move for an order requiring the plaintiffs to separately state and number causes of action, to eliminate from the complaint references to the plaintiffs that they are acting in a representative capacity, and for a dismissal of the complaint pursuant to rules 106, 107 and 212 of the Rules of Civil Practice.
The plaintiffs are two professional baseball players in the International League, suing both on ‘ ‘ behalf of themselves and of all members of the International League Baseball Players’ Association ”.
•The moving defendants (the only ones served) are Ford C. Frick, individually and as Commissioner of Baseball, Buffalo Bisons Baseball Club, Inc., and Rochester Community Baseball, Inc. Neither of the plaintiffs is employed by a defendant served in the action.
This action is for declaratory judgment decreeing that the uniform player’s contract in the International League be adjudged void and unlawful, that the defendants be enjoined in *522 New York from monopolizing the baseball business, enforcing salary limitations and taking disciplinary action against the plaintiffs for alleged violations of provisions of the uniform contract described as “ reserve clause “ termination clause ” and “ involuntary assignment clause ”.
This complaint, based on contract asserted to be similar for both plaintiffs as well as all baseball players in the International League, cannot be treated as one stating a representative or class action. The common interest of all the players is found only in the uniform contract. Once declared void, their common interest would end. And all players of the International League not before the court would be bound by the remedy selected and the result reached in this action. (Brenner v. Title Guar. & Trust Co., 276 N. Y. 230, 236.) The mere fact that there exists a similarity of contract relationship on the part of numerous parties with other parties in itself does not permit a representative action. (Society Milion Athena v. National Bank of Greece, 281 N. Y. 282; Noel Holding Corp. v. Carvel Dari-Freeze Stores, 140 N. Y. S. 2d 640, affd. without opinion 286 App. Div. 1066.) Therefore, all reference to the representative character of the suing plaintiffs should be deleted from the complaint.
The complaint alleges that the plaintiffs are professional baseball players, rendering services in the International League, that the defendants (baseball clubs) present for profit public exhibitions of professional baseball in New York and the individual defendants are engaged in the supervision and administration of such exhibitions and that the International League is a member of the National Association of Professional Baseball Leagues and is governed by certain agreements called “ The Professional Baseball Agreement and Rules ”, “ The National Association Agreement ” and “ The Constitution, By-Laws, and Laws of International League of Professional Baseball Clubs ”.
It is further alleged that the plaintiffs are among 90% of all professional baseball players, trainers and coaches employed by one of the member clubs of the International League, and were and are members of the International League Baseball Players, an association; that as a condition of employment as professional baseball players, plaintiffs and all other International League baseball players are required to execute a uniform player contract, a copy of which is annexed to the complaint. Plaintiffs also allege that the question which is the subject of this action is one of common and general interest to all such baseball members. Extracts of the documents are set forth indicating the control exercised over the baseball player by virtue of the agreements, which are asserted to constitute unlawful *523 practices. It is charged that such practices and restrictions imposed upon the plaintiffs a form of involuntary servitude, in violation of the State and National Constitutions. In paragraph 17 of the complaint it is alleged that the aforesaid documents are violations of section 340 of the General Business Law of the State of New York and of the common law of the State of New York, in that they unlawfully restrict and monopolize trade and business activities of the plaintiffs and all members of the International League, and unlawfully restrain competition and the free exercise by plaintiffs as such baseball players in the conduct of their business and in the furnishing of their services.
Particular consideration must be given to paragraph 32 of the complaint, which reads as follows: “ 32. That the plaintiffs and other players of the International League are unable to bargain with the defendants for matters such as pension plans, welfare benefits and improved conditions, by reason of the fact that the defendants have refused to so bargain, and, in fact, have stated that they will ‘ trade ’ the players out of the International League to lower classifications or will eliminate them from organized baseball if the players persist in such requests.”
It might be well to consider this first, as defendants argue that in this paragraph plaintiffs really set forth the gravamen of their complaint which constitutes a labor dispute over which the State Labor Relations Board, and not this court, has exclusive and initial jurisdiction. Plaintiffs’ attorneys argue that the State Labor Relations Board has no jurisdiction over the subject matter alleged in paragraph 32 of the complaint because it relates to interstate commerce, and that the National Labor Relations Board has declined to exercise jurisdiction over professional sports. In Guss v. Utah Labor Bd. (353 U. S. 1) the Supreme Court held that where the National Labor Relations Board declines to exercise jurisdiction which it has, States may not exercise jurisdiction. Therefore, the grievances set forth in paragraph 2 of the complaint do not present a controversy over which the court may exercise jurisdiction, and, absent contract controlling these subjects, they are not justiciable. In this regard the remedy of the professional baseball players lies in remedial legislation. The fact of the matter is that professional baseball regulation is under study by Congress.
Taking next the charge that the uniform professional baseball contracts constitute violation of section 340 of the General Business Law of the State of New York in unlawfully restricting and monopolizing the trade and business activities of the base *524 ball players, and the prayer that the defendants should be restrained because of such violation as to all baseball players in the International League, it must be held that such relief may be granted only at the behest of the Attorney-General, and may not be the subject of separate suit by individual plaintiffs on behalf of others not parties thereto (Payne Lbr. Co. v. Neal, 212 F. 259, 266, 267).
What remains of the complaint for consideration are allegations which tend to support the conclusion that these contracts are illegal. There has been in the past strong judicial denunciation of the system of organized baseball under which the players are required to pursue their profession. In American League Club v. Chase (86 Misc. 441, 465-467) the court stated: “ The quasi peonage of baseball players under the operations of this plan and agreement is contrary to the spirit of American institutions, and is contrary to the spirit of the Constitution of the United States * * * The system created by ‘ organized baseball ’ in recent years presents the question of the establishment of a scheme by which the personal freedom, the right to contract for their labor wherever they will, of 10,000 skilled laborers, is placed under the dominion of a benevolent despotism through the operation of the monopoly established by the national agreement * * * The court will not assist in enforcing an agreement which is a part of a general plan having for its object the maintenance of a monopoly, interference with the personal liberty of a citizen and the control of his free right to labor wherever and for whom he pleases; and will not extend its aid to further the purposes and practices of an unlawful combination, by restraining the defendant from working for any one but the plaintiff.”
As alleged, the restrictive provisions of these contracts and the system under wthich the players are required to render their services are oppressive and deprive them of rights and freedom usually granted to and enjoyed by employees. It may well be held that the contracts should be declared illegal and void.
The causes intended to be pleaded in behalf of the two plaintiffs should be separately stated if they seek such relief in this case.
The court’s attention has been called to the fact that since the submission of this motion and because of the prosecution of this suit, disciplinary action has been taken against one of the plaintiffs by his baseball club. The court expresses its regret that this has happened and unfortunately can do nothing about it.
The motion is granted to the extent herein indicated and otherwise denied, with leave to plaintiffs to replead if so advised.