William B. Bkehnax, Jb., J.
All but two defendants move to dismiss the complaint insofar as it purports to be brought on behalf of any persons other than the eight plaintiffs named therein. The motion is granted.
The named plaintiffs own homes they purchased in the Oak-wood development at Baldwin. The defendants are the corporation which originally purchased the tract, six corporations which erected or caused to be erected and sold one-family dwellings at Oakwood, the exclusive sales agent and others. The action seeks the mandatory establishment by defendants of a private beach in the development subject to an equitable easement in favor of the plaintiffs with accompanying access. Liability is alleged to rest upon representations made by the defendants to the public and to the named plaintiffs. It is charged that during 1957, 1958 and 1959 the plaintiffs entered into contracts with the six construction corporations for the sale by them to plaintiffs of plots of land with improvements erected by the said defendants. Plaintiffs aver that they entered into the contracts and accepted deeds in reliance on the representations as to the beach and that there has been a failure to provide such beach.
It is elemental that each person induced by fraudulent misrepresentations to make a purchase has suffered a separate wrong and has a separate cause of action (Brenner v. Title Guar. & Trust Co., 276 N. Y. 230, 233). Therefore, each person wronged may determine for himself the remedy which he will seek for the wrong to him; and when he asserts a remedy, the wrongdoers may be able to assert against him a defense not available against others (Society Milion Athena v. National Bank of Greece, 281 N. Y. 282, 292). Since plaintiffs in an action such as this have no joint cause of action (Auletta v. Whitestone Acres, 77 N. Y. S. 2d 358, 360), although they may join in the same action (Civ. Prac. Act, § 212), it is clear that they have no representative cause of action (cf. Blake v. Frick, 20 Misc 2d 520, 522). That persons other than the named plaintiffs may share in the fruits of their victory should plaintiffs prevail, does not alone make this a proper class action (cf. White v. La Due & Fitch, Inc., 303 N. Y. 122, where a class action, contested as such, seeking to enforce restrictions, resulted in injunctive relief in favor of two plaintiffs individually and dismissal as to all other plaintiffs).
*916 The plaintiffs’ cross motion for an examination before trial is granted on condition that the examination be held at the office of the builders, where defendants assert records required are maintained and are available.