## Braden v. The Korman Corporation

*Thomas E. Coval,* for plaintiffs.
*William E. Benner,* for defendant.

BORTNER, *J.,* January 21, 1983—On September 13, 1969, plaintiffs, Herbert and Patricia Braden, entered into a written agreement of sale to purchase from defendant, The Korman Corporation, a home in the Oxford Development of Cornwells Heights. Six years later, on September 23, 1975, plaintiffs instituted this action seeking equitable relief and compensatory damages, alleging that their purchase of the property was induced by certain fraudulent oral representations made by defendant concerning its future development of the tract. Specifically, plaintiffs charge that representatives of defendant stated that the corporation would provide the property owners of Oxford with parks, a clubhouse, swimming clubs, tennis courts, bridal paths, a ski area, a marina, a golf course and other athletic facilities and would generally adhere to development plans then on file with the Township of Bensalem. In keeping with the requirements for an

action of misrepresentation, plaintiffs claim that their purchase of the Oxford Home was made in reliance upon these statements.

Plaintiffs now move this court for an order certifying the matter as a class action pursuant to Rule 1701 et seq. of the Pa.R.C.P. and Rule *266 of the Bucks County Rules of Civil Procedure. Furthermore, plaintiffs request that they be appointed representatives of a class comprising all original purchasers of real estate in the Oxford Development, approximately three hundred in number.

As a basis for the certification of class action status, plaintiffs allege they have satisfied all the requirements of Pa.R.C.P. 1702. These include numerosity of the members of the class, commonality of questions of law or fact, typicalness of the representative's claims and defenses, a likelihood that the representatives would fairly and adequately assert the interests of the other members of the class, and the underlying fairness and efficiency of employing the class action as a method for adjudicating the controversy.

For its part, defendant maintains that common questions of law or fact are not presented in this action, since the actual reliance of each individual purchaser would necessarily be the subject of individual proof. Defendant further agrees that plaintiff's claims are not typical of the class and that one of plaintiff's could not adequately represent the class, in light of his voting record at relevant Bensalem Township Board of Supervisor's meetings.

Pursuant to Pa.R.C.P.1707, an evidentiary hearing was held before the undersigned on June 17, 1982. Upon consideration of the oral arguments there presented, the thorough briefing by counsel

for the litigants, and the applicable statutory and case law, we make the following

## FINDINGS OF FACT

1. Defendant, The Korman Corporation, developed and offered for sale a tract of homes known as Oxford in Cornwells Heights, Township of Bensalem.

2. Plaintiffs purchased a home in the Oxford development from defendant by a written instrument dated September 13, 1969.

3. Defendant sold homes in the Oxford development to approximately 300 original purchasers.

4. Plaintiffs have alleged a cause of action based in fraud and misrepresentation with respect to the original sale of each and every home in the Oxford development.

5. The issue of liability in the instant case requires each and every claimant to prove, inter alia, that the alleged fraudulent oral representations were made and that the decision to purchase the property was made in reliance upon the specified misrepresentations.

## DISCUSSION

Plaintiffs' substituted brief in support of their motion for certification of the class provides an exhaustive discussion of the requirements imposed by Pennsylvania's Rules of Civil Procedure upon those who would bring a class action in the Commonwealth. It also purports to demonstrate the ability of plaintiffs' case to meet those requirements. However, for reasons enunciated below, we do not believe plaintiffs have met the burden imposed upon them, as the moving party, of establishing that the case is properly maintainable as a class action.

Pa.R.C.P. 1708(a)(1) requires courts charged with the certification of a class to consider "whether common questions of law or fact predominate over any question affecting only individual rights." As plaintiffs properly observe, this rule approximates the standard described by Justice Roberts in Klemow v. Time, Incorporated, 466 Pa. 189, 196, 352 A.2d 12, 16 (1976); cert. den. 429 U.S. 828 (1977); that there be "a common issue shared by all class members which can be justly resolved in a single action. "Without passing on the merits of plaintiffs' other grounds for certification, we conclude that no predominant question of law or fact is presented by this complaint.

The difficulties implicit in the prosecution of an action for misrepresentation in a class action setting have long been noted by the judiciary. The Pennsylvania Supreme Court, for example, considered this in a footnote to its opinion in Klemow, supra:

"The successful maintenance of a cause of action for fraud includes, inter alia, a showing that the plaintiff acted in reliance on the defendant's misrepresentations. (Citations omitted.) Because such a showing would normally vary from person to person, this cause of action is not generally appropriate for resolution in a plaintiff-class action." 466 Pa. at 197, 352 A.2d at 16.

This is not to say that no suit sounding in fraud may be brought as a class action. Where the misrepresentations are consistent and the reliance is uniform, as in a shareholder's action against a corporation under the federal securities laws, such a device may be regarded as the ideal forum for the matter's resolution. Berland v. Mack, 48 F.R.D. 121 (SDNY 1969); Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964). However, as noted in the Advisory Committee's Note on Rule 23:

". . . a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed." 39 F.R.D. 69, 103.

Of course, this is precisely the situation complained of in the present case. Paragraph five of plaintiff's second amended complaint contains the allegation that defendants offered certain oral representations concerning the future improvement of the Oxford Development, while paragraph seven states that plaintiff relied upon those representations in agreeing to purchase certain premises from defendant. Similarly, paragraphs eleven and twelve state the conclusion that all of the original purchasers of real estate in the development relied upon the same oral representations in electing to purchase from the defendant.

Even if our sence of reason and human conduct had so far abandoned us as to allow us to accept plaintiff's averment that identical representations were made to "each of the class members at the time of the signing of an agreement of sale with the defendant and upon each and every contact with the defendant" (second amended complaint, paragraph eleven), we would still be at a loss to understand how plaintiff could possess such omniscience as to know that all purchases in the development were induced by defendant's alleged misrepresentations. Surely some of the purchasers must have been uninterested in the marina, the ski area, the tennis courts, or the golf course. And just as surely, some of the purchasers may have relied on some of the representations while ignoring others.

The decision to purchase a home is generally a complex one and different individuals may be expected to consider different criteria in reaching that

decision. It is for this reason that courts have consistently refused to allow plaintiffs to proceed as a class in fraud actions against vendors of real estate.

In Ross et al. v. Shawmut Development Corporation, 460 Pa. 328, 334, 333 A.2d 751, 753 (1975), the Supreme Court characterized the trial judge's dismissal of a class action of equitable estoppel where lessees of land sought to enforce contractual rights of first refusal:

"It's action was based on the conclusion that the facts alleged indicated that both the representations made by appellee's representative and the reliance on these representations would differ for every member of the alleged class. Consequently, it properly concluded that there were no common questions of law or fact in regard to this claim."

Similar reasoning was applied in Korona v. Bensalem Township, 385 Pa. 283, 122 A.2d 688 (1956), where plaintiffs had alleged that lots were sold to them under false and fradulent representations as to the true legal status of the streets and drainage facilities. The court thereheld that "the rights of the various plaintiffs as the several grantees of lots by deeds from the individual defendants are not such common interests as are necessary to justify a class action." 385 Pa. at 287,122 A.2d at 689.

Like results have been reached under corresponding facts and statutes in at least four other jurisdictions. Perhaps most similar factually is the New York case of Bennett v. Strow, 28 Misc.2d 914, 220 N.Y.S. 2d 806 (1961), where plaintiffs claimed to have been induced to purchase lots in a development by the fraudulent promise that a private beach would be provided. The court concluded that each purchaser had suffered a distinct and separate wrong and that the developers might be able to as-

sert against each party defenses not available against others.

In Action v. Johnson, 240 S.W. 2d 541 (Ky. 1951), a class action was held improper for one hundred ninety-nine purchasers of lots in a subdivision who claimed reliance upon oral representations later alleged to be fraudulent. For further support, see Associated Almond Growers v. Wymond, 42 F.2d 1 (9th cir. 1930) (applying California law); Osceola Groves, Inc. v. Wiley, 78 So. 2d 700 (Fla. 1955); Hendler v. Rogers House Condominium, 234 So. 2d 128 (Fla. 1970); and Greeley v. Rockaway Point Development Corp., 15 App. Div. 2d 528, 233 N.Y.S. 2d 84 (1961).

Defendant has also directed our attention to the Federal case Gilbert v. Woods Marketing, Inc., 454 F.Supp. 745 (Minn. 1978). Plaintiffs there attempted to institute a class action against the vendors of vacation lots who had allegedly misrepresented or omitted material facts in connection with sales. In determining whether actual reliance was a necessary element of plaintiff's cause of action, the court stated that only in those cases which involve a total failure to state material facts may a party dispense with proof of reliance. Because the fraud alleged consisted of misstatements as well as omissions, the plaintiffs would have been required to offer individual proof of reliance. Furthermore, the court reasoned, separate proof must be made of the representations themselves.

"Impressions created in oral discussions will certainly be a central part of each plaintiff's case. Though numerous plaintiffs may have heard similar representations, this is not a case in which there has been one standard omission in a document received by all class members. (Citation omitted.)" 454 F.Supp. at 750.

Concluding that common questions of law were outweighed by the individual issues of misrepresentation and reliance, the court declined to certify the matter as a class action.

Similarly, we are unconvinced that plaintiff in the present case has carried his burden of establishing the proprietary of class certifications. While we recognize that Pennsylvania law does not incorporate the "superiority" doctrine in Federal Rule of Civil Procedure 23(b)(3) which guided the Gilbert court, we believe that Pa.R.C.P. 708(a)(1) establishes a similar requirement: that "common questions of law or fact predominate over any question affecting only individual members." Insofar as the common questions of law or fact presented in this case are secondary to the necessarily separate proofs of misrepresentation and reliance, we find that certification of this class would not be proper.

Accordingly, we make the following

## CONCLUSIONS OF LAW

1. Proof of the alleged misrepresentations made by defendant would be necessarily unique to each member of the class.

2. Proof of their alleged reliance would be necessarily unique to each member of the class.

3. Under the facts of this case there are no questions of law or fact common to the proposed class which predominate over questions affecting only individual members. Pa.R.C.P. 1708(a)(1).

Therefore, it is hereby ordered and decreed that plaintiff's motion for class action certification is denied for failure to satisfy the criteria set forth in Pa.R.C.P. 1702.